Edward Garfield, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 26, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, January 27, 1983:

This is an appeal from a Parole Board (Board) denial of a Request for Administrative Relief following a hearing and order to recommit for technical parole violations. We affirm the action of the Parole Board.

Petitioner Edward Garfield was released on parole from the State Correctional Institution at Rockview on July 8, 1979. On September 21, 1980, Garfield was arrested in Media, Delaware County, Pennsylvania and charged with offenses not pertinent to this appeal. On September 22, 1980, Garfield reported his arrest and confinement in Delaware County to the Parole Office in Philadelphia. On November 20, 1980, he received a notice charging him with parole violations which included a charge of leaving the district to which he was paroled. A preliminary hearing was held on December 1, 1980 and a violation hearing was held on January 20, 1981. Following the hearing, the Board ordered Garfield recommitted for parole violations to serve six months back time when available. Petitioner filed a Request for Administrative Relief pursuant to 37 Pa. Code §71.5(h)[1] which was denied.

The parties agree that Garfield duly notified the parole supervisory staff the day after his arrest and

---

[1] 37 Pa. Code §71.5(h) provides: "Where any defect or error under this chapter is alleged subsequent to the Board's decision, the parolee or his attorney may apply to the Board for appropriate review and relief. Such application should set forth specifically the grounds upon which the allegation is based." Petitioner alleged the Board violated its own regulations in failing to provide a timely violation hearing.

concur that for Petitioner to be in Delaware County violated the conditions of his parole. In addition, Petitioner concedes that the Parole Board held its preliminary hearing within fifteen days of the warrant as required by 37 Pa. Code §71.2(3)[2] and a violation hearing was held within 120 days of the preliminary hearing as required by 37 Pa. Code §71.2(11).[3] It is Garfield's contention, however, that the Board should be reversed because the delay of two months between notice to the parole office of the arrest and the filing of parole violation charges violated Petitioner's sixth amendment right to a speedy trial. This contention is without merit.

Petitioner argues that under *Morrissey v. Brewer*, 408 U.S. 471 (1972) due process requires timely disposition of parole violation charges, and notes that *Dilligham v. United States*, 423 U.S. 64 (1975) requires no formal charge to trigger sixth amendment rights to a speedy trial. Petitioner's reliance on these cases is misplaced. What *Morrissey* requires is timely disposition of parole violation charges *once they are filed*. The Board's regulations amply ensure compliance with the rule in *Morrissey* and were followed in this case. *Dilligham* held that the restraints on liberty imposed by arrest and holding were sufficient to trigger sixth amendment rights even before indictment or actual formal charge. We note here that in the two month delay Garfield suffered no deprivation of liberty because of the parole violation, but was incarcerated on unrelated charges.

---

[2] 37 Pa. Code §71.2(3) provides: "The Preliminary Hearing will be held within 15 days of either the arrest of the parolee on the Board warrant or its being lodged as a detainer at the facility where the parolee is confined."

[3] 37 Pa. Code §71.2(11) provides: "If a Violation Hearing is scheduled, it will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing."

Respondent succinctly argues that there is no constitutional limitation for the *initiation* of parole revocation proceedings. Just as due process and sixth amendment rights do not attach at the commission of a crime, nor at discovery of it, due process and sixth amendment rights do not attach simply because the parolee commits a parole violation, nor even because the Board discovers the violation. No deprivation of a liberty interest of the parolee is effected until he is taken into custody because of the violation. *Moody v. Daggett,* 429 U.S. 78 (1976). It is the deprivation of liberty which occurs on detention or arrest which triggers the constitutional protection.

ORDER

Now, January 27, 1983, order of the Parole Board in the above referenced matter is affirmed.