521 A.2d 997

James Tarrant, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 15, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, Parole Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 5, 1987:

James Tarrant (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his petition for administrative relief.[1]

On May 2, 1982, the petitioner was paroled from a sentence of five to twelve years on a burglary conviction. While on parole, he was arrested on new criminal charges (new charges). The Board lodged a detainer against him, charging him with parole violations based on the new charges, as well as several technical parole violations which were unrelated to the new charges. On February 7, 1984, the petitioner, who had waived his preliminary and detention hearing, requested that his Violation-Revocation hearing,[2] which was scheduled for that day, be continued to "CFN" (continued until further notice), pending the disposition of the new charges.

The petitioner was found guilty on the new charges on October 31, 1984 and the Board received official verification thereof on December 10, 1984.

The Board held the petitioner's Violation-Revocation hearing on March 7, 1985 and, on April 18, 1985, recorded its order recommitting him as a technical and

---

[1] The petitioner filed two petitions for administrative relief, one as of June 5, 1985 and the other in November 1985, and the Board has reviewed this matter twice. The Board's action of granting a second hearing on the issue of timeliness, we believe, renders the first petition for review moot.

[2] Given our interpretation of 37 Pa. Code §71.4 in this case, *see* note 5, we find the scheduling of a "revocation" hearing prior to the disposition of the new charges to be anomalous. Inasmuch as the scheduled February 7, 1984 hearing was continued at the petitioner's request until the disposition of those charges, however, we believe that any inconsistency or error caused by such scheduling, if, indeed it was error to do so, must be considered to be harmless.

convicted parole violator for a period of sixty-six months.

Upon the petitioner's request for administrative relief, the Board ordered a re-hearing solely for the purpose of deciding whether or not the March 7, 1985 hearing complied with the applicable 120 day time limits.[3]

After a hearing, the Board concluded that the March 7, 1985 hearing was timely and affirmed its recommitment order. And, as noted, the Board subsequently upheld the timeliness of the March 7, 1985 hearing and the propriety of its recommitment order on a second petition for administrative relief.

On review,[4] the sole question before us is whether or not the March 7, 1985 hearing was timely.

While conceding that any delay attributable to his continuance request cannot be included in the calculation of the 120 day period, the petitioner argues, however, that, inasmuch as his parole agent admitted, at the timeliness hearing, to personal knowledge of the Octo-

---

[3] With respect to technical parole violators, the Board's regulation, 37 Pa. Code §71.2(11), provides for a hearing within 120 days of the preliminary hearing. The applicable Board regulation as to convicted parole violators, under the circumstances of this case, 37 Pa. Code §71.4(2), requires the Board to hold the hearing within 120 days of the date on which it receives official verification of the guilty verdict. 37 Pa. Code §71.5(i)(2), however, excludes from the determination of the period for conducting the above-described hearings, any delay due to a continuance granted at the defendant's (petitioner's) request.

[4] Our review here is limited to determining whether or not the Board committed errors of law, violated constitutional rights or whether or not its findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Cameron v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985).

ber 31, 1984 guilty verdict as of October 31, 1984, the relevant period should run from that date, not December 10, 1984, the date on which the Board received the official verification. If this argument were to be accepted, the last date on which the Board could have held a timely hearing would have been March 1, 1985. We must decline to accept this argument, however, because we have previously held in regard to convicted parole violators that it is the date of the Board's receipt of the official verification of the guilty verdict which activates the 120 day period. *Taylor v. Pennsylvania Board of Probation and Parole*, 43 Pa. Commonwealth Ct. 649, 402 A.2d 1153 (1979). Moreover, we must also conclude that, inasmuch as the petitioner requested a continuance of his Violation hearing, as well as of his Revocation hearing,[5] until the disposition of the new charges, the 120 day period, with respect to the technical violations, also began to run with the Board's receipt of the official verification.

We hold, therefore, that with respect to the technical and convicted parole violations, the petitioner's March 7, 1985 hearing was timely.

Accordingly, we will affirm the Board's order.

### ORDER IN 2795 C.D. 1985

AND NOW, this 5th day of March, 1987, the petition for review in the above-captioned matter filed at No.

---

[5] 37 Pa. Code §71.2, which supplies the procedures for the Board's handling of technical parole violations, consistently and repeatedly refers to the "violation hearing" in regard thereto and 37 Pa. Code §71.4 consistently and repeatedly employs the term "revocation hearing" for a hearing which resolves new criminal parole charges. We believe, therefore, that such terms have acquired specific meanings in the parole context and that the petitioner's request for a continuance of his Violation-Revocation hearing related to both the technical and the new charges.

2795 C.D. 1985 from the order of the Pennsylvania Board of Probation and Parole dated October 7, 1985 is dismissed as being moot.

ORDER IN 3472 C.D. 1985

AND NOW, this 5th day of March, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated November 18, 1985, is affirmed.