554 A.2d 622

Ronald E. Myers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 3, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Michael L. Bangs*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, February 23, 1989:

Ronald E. Myers appeals from the December 3, 1987 decision of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's petition for administrative relief from the Board revocation order of November 4, 1987, which recommitted Petitioner to serve fifteen months of backtime as a convicted parole violator.

Petitioner's original sentence was imposed on January 6, 1981. Petitioner was sentenced in Fulton County to serve a term of one year and four months to four years of imprisonment for the offense of theft. He was released on parole in 1982, recommitted as a technical violator in 1983, and released on reparole, effective March 18, 1983. Effective May 1, 1984, Petitioner was declared delinquent by the Board. His whereabouts were unknown until February 4, 1986 when Petitioner was arrested on new criminal charges in Adams County. The Board's parole violation warrant to commit and detain was filed on that same date.

On February 18, 1986, Petitioner received a violation hearing in the Bedford County Prison before a Board hearing examiner, having waived his right to a full Board violation hearing, and to counsel. On March 28, 1986, the Board ordered him to be recommitted as a technical parole violator to a state institution to serve his unexpired

term of eight months and five days. On April 8, 1986, Petitioner pled guilty to the charge of burglary in Fulton County Common Pleas Court and was released on bail two days later. The Board received official verification of Petitioner's new criminal conviction on August 6, 1986. On June 23, 1987, Petitioner was sentenced to serve forty-two to 240 months in a state correctional institution, with sixty-six days of good time credit. The effective date of sentence was July 20, 1987.

The Board thereafter charged Petitioner with violating his parole by sustaining a new criminal conviction. On August 28, 1987, Petitioner was afforded a revocation hearing at which counsel raised objections to the timeliness of the revocation hearing as beyond the 120-day limit of 37 Pa. Code §71.4(2), *as amended* January 16, 1988 and now appearing at 7 Pa. B. 487 (1977). The Board found that the hearing was timely held and subsequently, ordered Petitioner to be recommitted as a convicted parole violator to serve fifteen months of backtime. Petitioner and his counsel filed an administrative appeal with the Board raising the timeliness issue. The Board denied that appeal, and petition for review to this Court followed.

The scope of review of a Board recommitment order is limited to a determination of whether the Board's decision is in accordance with the law, is supported by substantial evidence, or is in violation of the constitutional rights of the parolee. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Petitioner submits that under 37 Pa. Code §71.4(2), the Board is required to provide a parolee with a revocation hearing within 120 days of a verdict or plea of guilty. Petitioner emphasizes that the Board revocation hearing of August 28, 1987 did not take place until approximately

sixteen months following the entry of his guilty plea of April 8, 1986.

Petitioner further argues that under *Morrissey v. Brewer,* 408 U.S. 471 (1972), due process requires timely disposition of parole violation charges, and he notes that in *United States ex. rel, Burgess v. Lindsey,* 395 F. Supp. 404, 410 (E.D. Pa. 1975), *aff'd mem. sub. nom. Burgess v. Roth,* No. 76-1857 (3d Cir. Feb. 22, 1977), the Court held that the time period in which the Board has to provide a convicted parole violator with a hearing commences at the verdict or plea of guilty.[1]

Petitioner's reliance on these cases is misplaced. In *Morrissey,* the United States Supreme Court held that a revocation hearing must be tendered within a "reasonable" time after the parolee is taken into custody. Execution of the Board's violator warrant and its concomitant assumption of custody under that warrant have been characterized as "the operative event[s] triggering any loss of liability attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Moody v. Daggett,* 429 U.S. 78, 88 (1976).

In *Burgess,* the parolee was confined during the entire nine-month time period that elapsed from the date

---

[1] Petitioner in his appellate brief relies on *Tarrant v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 369, 521 A.2d 997 (1987), *appeal denied,* 517 Pa. 596, 535 A.2d 84 (1987) for the proposition that a final revocation hearing must be held within 120 days of the Board's receipt of official verification of the guilty plea. Petitioner's reliance on *Tarrant* in this context is seriously flawed, as in *Tarrant* the parolee had been arrested on new criminal charges when the Board lodged its detainer against him, charging him with parole violations based on the new charges. Thus, the parolee in *Tarrant* was in custody, as opposed to being freed on his own recognizance, when the Board received its official verification of the guilty plea.

of his conviction to the date of his final parole revocation hearing. Petitioner in the instant case was released on bail two days after he entered his plea of guilty and remained at liberty for approximately sixteen months until the date when sentence was imposed. From April 10, 1986 through July 20, 1987, Petitioner here was in no sense deprived of a protected liberty interest solely by virtue of any action of the Board.

It is the position of the Board that the 120-day period of former 37 Pa. Code §71.4(2) did not commence to run upon Petitioner's entry of his plea of guilty, or the Board's receipt of official verification of that plea. The Board submits that the 120-day rule of former Section 71.4(2) has no application to the parolee who is not in custody in either a county or state correctional institution and who remains at liberty for an extended period of time subsequent to his conviction. The Board emphasizes that Petitioner's protected liberty interest was not generated, at the earliest, until July 20, 1987, when he was returned to custody on the new sentence; the Board further contends that it filed no convicted violator charges against the parolee until July 28, 1987.

This Court has set forth the constitutional standard of review articulated in the *Morrissey* decision in *Carr v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 312, 317-318, 494 A.2d 1174, 1177 (1985):

> What Morrissey requires is the timely disposition of parole violation charges *once they are filed*. It is the deprivation of the parolee's liberty which occurs on detention or arrest on the parole violation charges which triggers the constitutional protection. Garfield v. Pennsylvania Board of Probation and Parole, 71 Pa. Commonwealth Ct. 390, 392-393, 454 A.2d 1187, 1189 (1983). *No such deprivation occurs until the parolee is taken into*

*custody because of the parole violation.* Moody v. Daggett, 429 U.S. 78 (1976). (Emphasis added.)

*See also Garfield v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 390, 454 A.2d 1187 (1983). Petitioner asserts that *Carr* is not controlling in this context, and contends that he, unlike the parolee in *Carr* who remained free on bail subsequent to his conviction, was deprived of his liberty by the Board, and thus the 120-day period began to run when the Board filed violation charges against him on February 11, 1986, after lodging its detainer of February 4, 1986. Petitioner's argument lacks merit, as the Board did no more than file technical parole violation charges against him on February 11, 1986. As of April 10, 1986, Petitioner was freed on bail. Convicted violator charges were not filed against Petitioner until July 28, 1987. Furthermore, the detainer warrant of February 4, 1986 was lodged but never executed by the Board. Thus, Petitioner was never deprived of his liberty through mere issuance of the Board's warrant, or by virtue of the Board's filing of technical violator charges subsequent to his arrest for a new criminal offense.

As review of the record clearly indicates that Petitioner was not charged by the Board as a convicted parole violator until July 28, 1987, the revocation hearing of August 28, 1987, was timely, and Petitioner suffered no deprivation of his constitutional rights.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 23rd day of February, 1989, the order of the Board of Probation and Parole is affirmed.

Judge MACPHAIL did not participate in the decision in this case.