Larry McDONALD, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1995.

Decided March 12, 1996.

**28**

Gail F. Guida, Assistant Public Defender, for Petitioner.

Robert A. Greevy, Chief Counsel, and Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before COLINS, President Judge, and McGINLEY, J., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Larry McDonald (McDonald), an inmate at the State Correctional Institute at Camp Hill, appeals from an order of the Pennsylva-nia Board of Probation and Parole (Board) which denied his administrative appeal from the Board's decision to recommit him as a convicted parole violator. The sole issue raised on appeal is whether the parole violation charge against McDonald should be dismissed due to the Board's failure to timely hold a revocation hearing.

The relevant facts are not disputed. On December 13, 1991, McDonald was paroled while serving a sentence for his conviction of the burglary charge. On July 22, 1993, McDonald was arrested and charged with indecent exposure offenses. The Board thereupon lodged a detainer and, after a detention hearing, decided to detain McDonald pending disposition of the criminal charges. The Board thereafter lifted the detainer when the maximum term under McDonald's original sentence expired on October 9, 1993. After McDonald was released on November 17, 1993, the Board declared him delinquent effective July 1, 1993 for control purposes.

McDonald subsequently pled guilty to the indecent exposure charges and was sentenced on April 26, 1994 to serve 28½ to 72 months. The Board's record shows that McDonald's convictions were officially verified to the Board on May 6, 1994 and that he returned to the State Correctional Institution at Camp Hill on June 7, 1994. Thereafter, the Board lodged a detainer against McDonald on January 10, 1995 and charged him with a parole violation on February 16, 1995.

■ At a revocation hearing held on March 22, 1995, McDonald's counsel argued that the hearing was untimely because it was held beyond 120 days from the date of the official verification of McDonald's convictions. The Board rejected the argument and recommitted McDonald as a convicted parole violator to serve 1 year 9 months 20 days. McDonald filed an administrative appeal raising the timeliness of the revocation hearing. After the Board denied his request for administrative relief, McDonald appealed to this Court.[1]

---

1. This Court's scope of review of the Board's recommitment order is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether the parolee's constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation & Parole,* 660 A.2d 131 (Pa.Cmwlth.1995).

■ McDonald contends that the parole violation charges against him should be dismissed because the Board failed to hold the revocation hearing within the 120–day period under 37 Pa.Code § 71.4(1). Where, as here, a parolee alleges that the Board held a revocation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of evidence, that it conducted the hearing in a timely manner. *Fitzhugh v. Pennsylvania Board of Probation & Parole*, 154 Pa.Cmwlth. 123, 623 A.2d 376 (1993).

■ It is well established that the 120–day period for holding a revocation hearing begins to run when the Board acquires jurisdiction over the parolee. *Williams v. Pennsylvania Board of Probation & Parole*, 134 Pa.Cmwlth. 597, 579 A.2d 1369 (1990). Thus, where a parolee is confined outside the jurisdiction of the Department of Correction, such as in a county correctional institution, and the parolee has not waived the right to a panel revocation hearing, the revocation hearing must be held within 120 days of the official verification of the return of the parolee to a State Correctional facility. 37 Pa. Code § 71.4(1)(i); *Hartage v. Pennsylvania Board of Probation & Parole*, 662 A.2d 1157 (Pa.Cmwlth.1995).

■ In the matter *sub judice*, it is undisputed that McDonald did not waive his right to a panel revocation hearing at any time. The Board's record establishes that McDonald's convictions were officially verified on May 6, 1994 and that he was returned to the State Correctional Institute at Camp Hill on June 7, 1994. Therefore, the revocation hearing held on March 22, 1995, more than nine months after McDonald's return to the State Correctional Institution, was untimely under 37 Pa.Code § 71.4(1)(i).

The Board contends, however, that the 120–day period began to run on January 10, 1995 when it lodged a detainer against McDonald and that the revocation hearing held on March 22, 1995 was within the 120–day period. To support its argument, the Board relies on *Myers v. Pennsylvania Board of Probation & Parole*, 123 Pa.Cmwlth. 604, 554 A.2d 622 (1989) and *Carr v. Pennsylvania Board of Probation & Parole*, 90 Pa.Cmwlth. 312, 494 A.2d 1174 (1985).

In *Myers*, the Board filed the parole violation charges against the parolee 8 days after his return to the State Correctional Institution, and the revocation hearing was held 31 days after the parolee's return. The parolee argued that the 120–day period began to run when it pled guilty to the criminal charges and that the revocation hearing held 16 months after his guilty plea was untimely. The Board argued, on the other hand, that the 120–day period did not run until the parolee returned to its custody on the new sentence. In *Carr*, the Board filed the parole violation charges 21 days after the parolee's return to the State Correctional Institution and held the revocation hearing 75 days after his return. Thus, in *Myers* and *Carr*, the revocation hearings were held within 120 days of the parolees' return to the State Correctional Institutions.

This Court held in both cases that the deprivation of the parolee's liberty occurs when the parolee is taken into custody because of the parole violation and that the 120–day period began to run on the date when the Board filed the parole violation charges. However, we do not construe *Myers* and *Carr* as permitting the Board to unreasonably delay in filing parole violation charges once a parolee returns to a State Correctional Institution. Under the plain language of Section 71.4(1)(i), a revocation hearing must be held "within 120 days of the official verification of the return of the parolee to a State Correctional facility."

■ In this matter, the Board lodged the detainer, filed the parole violation charge and held the revocation hearing, well beyond 120 days after McDonald's return to the State Correctional institution on June 7, 1994. Moreover, the Board offers no explanation for the delay. It is well established that unreasonable and unjustifiable delay, which is not attributable to the parolee or his counsel, does not toll the running of the 120–day period. *Mack v. Pennsylvania Board of Probation & Parole*, 654 A.2d 129 (Pa. Cmwlth.1995). Hence, the Board failed to establish its compliance with 37 Pa.Code § 71.4(1)(i).

■ Where, as here, the Board failed to meet its burden of establishing the timeliness of the revocation hearing, the appropriate remedy is dismissal of the parole violation charges with prejudice. *Mack.* Accordingly, the Board's decision denying the administrative appeal is reversed, and the parole violation charge against McDonald is dismissed with prejudice.

### ORDER

AND NOW, this 12th day of March, 1996, the order of the Pennsylvania Board of Probation and Parole denying the administrative appeal filed by Larry McDonald is reversed, and the parole violation charge against him is dismissed with prejudice.