## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Teeter, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 317 C.D. 2017 |
| | : | Submitted: July 21, 2017 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                     HONORABLE PATRICIA A. McCULLOUGH, Judge
                     HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                                   **FILED: October 20, 2017**

William Teeter (Teeter) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from an order recommitting him as a convicted parole violator to serve the unexpired term of his original sentence (11 months, 27 days) and recalculating the maximum date of his original sentence as August 4, 2017. Teeter contends the Board failed to hold a revocation hearing within 120 days of its receipt of official notice of Teeter's guilty plea to new criminal charges. Teeter further asserts the Board erred by failing to award him credit for all the time he spent incarcerated and by adding 11 months and 27 days (361 days) to the maximum date of his original sentence. To that end, Teeter argues the Board does not have the authority to alter a judicially-imposed sentence. For the reasons that follow, we affirm.

# I. Background

In December 2013, the Board granted Teeter parole from his original sentence of 1 year and 9 months to 4 years for fleeing or attempting to elude an officer and reckless endangerment. Teeter's original sentence had a maximum date of January 15, 2016. Teeter's parole included the following condition:

> If you are convicted of a crime committed on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 10.

On January 23, 2014, the Board released Teeter from a state correctional institution to a home plan with his wife. On January 26, 2015, the Greensburg Police Department arrested Teeter on multiple felony counts of forgery, theft by unlawful taking, conspiracy to commit forgery and conspiracy to commit theft by unlawful taking (new charges).

Also on January 26, the Westmoreland County Court of Common Pleas (trial court) detained Teeter in lieu of monetary bail of $200,000. C.R. at 53. The same day, the Board issued a detainer for Teeter. C.R. at 39. In February 2015, the trial court reduced Teeter's bail to $25,000. C.R. at 53.

On January 22, 2016, following the expiration of the maximum date of Teeter's original sentence, the Board withdrew its warrant and declared Teeter

2

delinquent for control purposes. On February 12, 2016, Teeter posted bail on the new charges.

On August 2, 2016, Teeter pled guilty to five lesser misdemeanor counts including theft by unlawful taking (two counts), forgery (two counts) and receiving stolen property (one count). C.R. at 67. The felony charges were withdrawn. C.R. at 67-68. The same day, the trial court sentenced Teeter to a maximum term of five years of probation. C.R. at 81.

On August 8, 2016, the Board lodged a detainer for Teeter and he returned to a state correctional institution (SCI-Fayette). C.R. at 92. The same day, the Board provided Teeter with a notice of charges and revocation hearing based on his new convictions. C.R. at 95. Teeter executed a waiver/admission form (PBPP 72c) waiving his right to a revocation hearing and counsel. C.R. at 96-97. Teeter also admitted to his new convictions. Id. The waiver/admission form states that Teeter waived his right to a parole revocation hearing and counsel with full knowledge and understanding of his rights, out of his own free will, and without promise, threat or coercion. C.R. at 96. The form also states that Teeter admitted to violating his parole based on his new convictions. Id. The form advised Teeter that he had 10 days to submit a written withdrawal of his waiver and admission. Id. Teeter, however, did not submit a withdrawal.

The Board panel accepted Teeter's waiver/admission form and voted to recommit Teeter as a convicted parole violator to serve his unexpired term of 11 months and 27 days on his original sentence with no credit for time spent at liberty

3

on parole.  C.R. at 98-105.  On October 3, 2016, the Board mailed Teeter a formal decision recommitting him as a convicted parole violator and extended the maximum date of his original sentence to August 4, 2017.  C.R. at 106-08.

Thereafter, Teeter filed an administrative appeal objecting to the amount of credit given to him for the time he spent in prison and the Board's recalculation date.  In particular, Teeter asserted the Board lacked the authority to recalculate his maximum date.  Teeter further claimed the Board's waiver/admission form violated his administrative due process rights under Board regulations at 37 Pa. Code §71.2 (procedure for violation of parole conditions).

In February 2017, the Board mailed Teeter a decision denying his administrative appeal.  Explaining the new maximum date, the Board pointed out that when it initially paroled Teeter on January 23, 2014, he had 722 days remaining on his original sentence.  Following his conviction on the new charges, the trial court sentenced Teeter to probation.  Although Teeter failed to make bail on the new charges from the date of his arrest on January 26, 2015 until February 12, 2016, the Board also held him on a detainer warrant for 361 days from January 26, 2015 until it lifted the detainer on January 22, 2016.  Because Teeter received only probation on the new charges, the Board awarded Teeter 361 days credit toward his original sentence for the time the Board held him on the detainer.  See Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299 (Pa. 2003) (holding that where parolee is held on both a Board warrant and new criminal charges, and it is not possible to award all of the credit on the new sentence because the presentence incarceration exceeds the new

4

sentence, the credit must be applied to the parolee's original sentence). Teeter petitions for review.[1]

## II. Issues

On appeal, Teeter contends the Board erred in extending the maximum date of his original sentence and that he was not given the credit to which he was entitled for time he spent in prison. Teeter also asserts the Board violated his constitutional rights to due process by not holding a timely revocation hearing and by not advising him that his "street time"[2] was at risk.

## III. Discussion

We first address Teeter's contention that the Board erred in extending the maximum date of his original sentence. Teeter argues the Board does not have the power to alter a judicially-imposed sentence. We disagree. In <u>Young v. Pennsylvania Board of Probation and Parole</u>, 409 A.2d 843 (Pa. 1979), the Supreme Court squarely addressed this issue and held that the Board's statutory power to deny a convicted parole violator credit toward his original sentence for time spent at liberty on parole, which extends the maximum date for the original sentence, does not encroach upon the judicial sentencing power.

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa C.S. §704; <u>Adams v. Pa. Bd. of Prob. & Parole</u>, 885 A.2d 1121 (Pa. Cmwlth. 2005).

[2] "Street time" is a term which means the period of time a parolee spends at liberty on parole. <u>Dorsey v. Pa. Bd. of Prob. & Parole</u>, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2003).

Further, when a parolee is recommitted as a convicted parole violator, the maximum date of his sentence may be extended to include the period of time he spent at liberty on parole. Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596 (Pa. Cmwlth. 2011). The Board's authority to extend the maximum date of a parolee's sentence does not usurp the court's sentencing function. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980).

Here, when the Board initially paroled Teeter on January 23, 2014, he had 722 days remaining on his original sentence. Following his arrest on new charges on January 26, 2015, Teeter spent 361 days confined on both the new criminal charges and the Board's detainer. On January 22, 2016, the Board lifted its detainer because Teeter's original sentence expired. From January 22, 2016 until he made bail on February 12, 2016, Teeter remained incarcerated on the new charges.

On August 2, 2016, Teeter pled guilty to lesser misdemeanor charges and received a sentence of probation. Pursuant to Martin, the Board properly awarded Teeter 361 days credit toward his original sentence for the time the Board held him on the detainer, regardless of the fact he could not make bail on the new charges. Following his conviction on the new charges, the Board again lodged a detainer warrant for Teeter, and he returned to SCI-Fayette on August 8, 2016. The same day, Teeter waived his right to a revocation hearing and admitted to his convictions on the new charges.

On October 3, 2016, the Board mailed Teeter a decision recommitting him as a convicted parole violator to serve the 11 months and 27 days (722-361=361

days) remaining on his original sentence. The Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after the expiration of the parolee's original maximum sentence. Adams v. Pa. Bd. of Prob. & Parole, 885 A.2d 1121 (Pa. Cmwlth. 1980). There is no doubt that the Board can recommit and re-compute the sentence of a parolee who commits a crime on parole but is not convicted until after his original sentence expired. Id. Although Teeter did not receive credit toward his original sentence for the time he spent in jail after January 22, 2016, he was confined solely on the new charges. The Board had no duty under Martin to award Teeter credit for time he was not confined under a Board warrant. See Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007) (parolee must be confined on both the new charges and a Board warrant in order for Martin to apply). As such, we detect no error in the Board's recalculation of Teeter's original sentence maximum expiry.

Teeter also asserts the Board violated his constitutional rights to due process by not holding a timely revocation hearing and by not advising him that his street time was at risk. We disagree. In Prebella v. Pennsylvania Board of Probation and Parole, 942 A.2d 257 (Pa. Cmwlth. 2008), and later in McKenzie v. Pennsylvania Board of Probation and Parole, 963 A.2d 616 (Pa. Cmwlth. 2009), this Court upheld parole revocations where the parolees executed waiver/admission forms similar to the form Teeter signed in the present case. As we noted in Prebella, Pennsylvania law clearly supports the type of waiver Teeter executed. To that end, we noted:

> In order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the

7

> necessary information to the offender prior to the offender signing the written waiver form. … The waiver need not be effectuated in an 'on the record colloquy.' … Rather, as here, execution of the Board's form is sufficient.

Prebella, 942 A.2d at 261 (citations omitted). Because these conditions were met here, the Board was under no statutory or administrative obligation to advise Teeter that the Board could deny him, as a convicted parole violator, credit for the time he spent at liberty on parole prior to time he committed the new criminal offense for which he was convicted. McKenzie; Prebella.

As discussed above, Teeter waived his right to a revocation hearing and counsel by executing the waiver/admission form. C.R. at 96-97. Teeter also admitted to his new convictions. Id. The waiver/admission form states that Teeter waived his right to a parole revocation hearing and counsel with full knowledge and understanding of his rights, out of his own free will, and without promise, threat or coercion. C.R. at 96. The form also states that Teeter admitted to violating his parole based on his new convictions. Id. The form advised Teeter that he had 10 days to submit a written withdrawal of his waiver and admission. Id. Teeter, however, did not submit a withdrawal.

Further, a parolee's right to counsel in a parole violation hearing is not guaranteed by either the state or federal constitutions. Prebella, 942 A.2d at 261. Rather, it is based on statutory and case law. Id. (citing Worthington v. Pa. Bd. of Prob. & Parole, 784 A.2d 275 (Pa. Cmwlth. 2001)). "A parolee's waiver of counsel is deemed informed and voluntary if, as here, the parolee is informed of the right to counsel, provided the name and address of the appropriate public defender, and gives

8

his written statement that he has been fully advised of this right and has waived it out of his own free will." Id. Our review of the waiver/admission form Teeter executed indicates these conditions have been met. See C.R. at 96.

Having determined the waiver/admission form Teeter executed constituted a knowing and voluntary waiver of his right to a revocation hearing and counsel, we hold that Teeter's waiver of his revocation hearing and admission of his conviction on the new charges was validly executed and properly accepted by the Board. McKenzie; Prebella. Because Teeter waived the revocation hearing on August 8, 2016, less than a week after his conviction on the new charges and on his first day back in a state correctional institution after being released on bail, Teeter's waiver fell within the 120-day period in which a revocation hearing must be held following his return to a state correctional institution. As such, Teeter's timeliness challenge also fails on this ground. See 37 Pa. Code §71.4(1)(i); McDonald v. Pa. Bd. of Prob. & Parole, 673 A.2d 27 (Pa. Cmwlth. 1996).

For the above reasons, we discern no error, abuse of discretion or constitutional violations in the Board's order denying Teeter's administrative appeal. Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Teeter,                         :
                        Petitioner      :
                                        :
            v.                          :    No. 317 C.D. 2017
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                        Respondent      :

# **O R D E R**

AND NOW, this 20th day of October, 2017, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
ROBERT SIMPSON, Judge