IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Rainey,                       :
          Petitioner            :
                                  :
          v.                      :     No. 1124 C.D. 2023
                                  :     Submitted: July 5, 2024
Pennsylvania Parole Board,            :
          Respondent            :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEAVITT         FILED:  September 12, 2024

John C. Rainey petitions for review of an adjudication of the Pennsylvania Parole Board (Board) recommitting him as a convicted parole violator. On appeal, Rainey argues that his parole revocation hearing was untimely convened and that the parole violation charges should be dismissed. For the reasons to follow, we affirm.

In 2017, Rainey pled guilty to carrying a firearm without a license and was sentenced to serve a term of incarceration of one year and six months to five years. His original maximum date of sentence was January 28, 2021. On June 4, 2018, he was paroled.

On July 21, 2020, Upper Dublin Police Department arrested Rainey on new criminal charges. Certified Record at 16 (C.R. __). On September 9, 2020, the Board issued a warrant to detain Rainey pending disposition of the new criminal charges. *Id*. However, on January 28, 2021, the Board cancelled its warrant because Rainey's maximum term of sentence had expired.

On April 25, 2022, Rainey was convicted of four counts of harassment and sentenced to a total of 360 days' probation by the Court of Common Pleas of Delaware County. C.R. 19. The Board received official verification[1] of Rainey's conviction on June 2, 2022. *Id*. at 24. Thereafter, the Board declared Rainey delinquent as of July 13, 2022, and issued a warrant for his detainer. *Id*. at 25. On September 27, 2022, Darby Borough Police Department arrested Rainey on new criminal charges and on the Board's warrant. *Id*.

On October 27, 2022, the Board issued a Notice of Charges and Hearing to Rainey. C.R. 19. On November 14, 2022, a revocation hearing was conducted before a hearing examiner. At the hearing, Rainey's counsel objected to the timeliness of the revocation hearing, noting that the Board received verification of his conviction on June 2, 2022, which triggered a 120-day deadline for the revocation hearing. The hearing examiner took testimony on the timeliness of Rainey's parole revocation hearing.

Parole Agent Mark Orlando testified as follows:

Agent Orlando: . . . So, after the conviction, the parolee was found to be delinquent, and the case was transferred to [the Fugitive Apprehension Search Team (FAST) Unit] because *they [were not] able to locate him and therefore, he was unavailable for revocation until the date he was rearrested* and the [B]oard filed another warrant, which was on 09/27/22.

Hearing Transcript, 11/14/2022, at 9 (H.T. __); C.R. 34 (emphasis added). Agent Orlando argued that the 120-day deadline started on September 27, 2022, when Rainey was detained on the Board's warrant. Forty-eight days later, November 14, 2022, his revocation hearing was held, well within the 120-day deadline.

---

[1] Official verification is the "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code §61.1.

In response, Rainey testified that, in April of 2022, Parole Agent Ward Evans informed him that if he was convicted of a misdemeanor or felony, then he would need to report himself. Rainey explained that, at his trial on the underlying criminal charges, he told the trial judge that he "would not take – [he] would not negotiate a plea if it violated [him] on [his] parole." H.T. 16; C.R. 41. For that reason, he was allowed to plead guilty to four summary harassment charges. After his conviction, Agent Evans did not contact him. Since his conviction, he has been living at the same address and using the same telephone number that he had when he was on parole. Rainey claimed that he could not be delinquent because the Board never attempted to contact him.

The hearing examiner rejected Rainey's challenge to the timeliness of the revocation hearing. The hearing examiner reasoned that Rainey was not detained until September 27, 2022, and his revocation hearing was held within 120 days of his detention on the Board's warrant. The hearing examiner recommended that Rainey be recommitted as a convicted parole violator to serve six months' backtime.

On November 16, 2022, the Board recommitted Rainey as a convicted parole violator to serve six months' backtime, when available, pending his return to a State Correctional Institution. C.R. 76.

In his administrative appeal, Rainey argued that his revocation hearing was untimely. The Board did not address Rainey's objection to the timeliness of the revocation hearing but denied his appeal. The Board explained that Rainey was recommitted as a convicted parole violator, when available. Once he becomes available to serve his original sentence, the Board will issue a recalculation decision, including any potential credit.

Rainey petitioned for this Court's review. On appeal,[2] Rainey argues that his revocation hearing was not timely, and the Board failed to prove by a preponderance of the evidence that he received a timely revocation hearing.

The Board bears the burden of proving, by a preponderance of evidence, that it conducted the hearing in a timely manner. *McDonald v. Pennsylvania Board of Probation and Parole*, 673 A.2d 27, 29 (Pa. Cmwlth. 1996). The timeliness of a parole revocation hearing is governed by the Board's regulations. Section 71.4(1) of Title 37 of the Pennsylvania Code states:

> (1) *A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty* or nolo contendere or of the guilty verdict at the highest trial court level *except as follows*:
>
> > (i) *If a parolee is confined outside the jurisdiction of the Department of Corrections*, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, . . . 314 A.2d 842 ([Pa.] 1973), *the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility*.
> >
> > (ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

---

[2] Our review of the Board's decision determines whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

37 Pa. Code §71.4(1) (emphasis added). The 120-day requirement for holding a revocation hearing begins to run when the Board acquires jurisdiction over the parolee. *Williams v. Pennsylvania Board of Probation & Parole*, 579 A.2d 1369, 1371 (Pa. Cmwlth. 1990). Additionally,

> [i]n determining the period for conducting hearings . . . , *there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following*:
>
> (1)    *The unavailability of a parolee* or counsel.
>
> (2)    Continuances granted at the request of a parolee or counsel, in which case the Board is not required to reschedule the hearing until it receives a written request to reschedule the hearing from the parolee or counsel.
>
> (3)    Reasonable or necessary continuances granted to, or occurrences related to, the Board or its employees.
>
> (4)    A change of decision by a parolee either to waive the right to be heard by a panel after asserting it or to assert that right after waiving it. In this case, the hearing shall be held within 120 days of the last change of decision.
>
> (5)    An event which could not be reasonably anticipated or controlled by the Board, including, but not limited to, illness, injury, acts of nature and prison or civil disorder.

37 Pa. Code §71.5(c) (emphasis added). Thus, under the Board's regulations, when a parolee is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a State Correctional Institution. In this regard, the Board's receipt of official verification of the parolee's new conviction is irrelevant. *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017).

In sum, "[t]he test for determining the timeliness of a revocation hearing held before the Board is whether, after subtracting the periods of time not

5

chargeable to the Board, the remaining time exceeds 120 days from either . . . the official verification of the new conviction or of the offender's return to a state correctional institution." *Britton v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2101 C.D. 2014, filed March 14, 2016) (unreported),[3] slip op. at 8-9 (quoting *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 50 (Pa. Cmwlth. 2007)).

According to the record, Rainey was convicted on new criminal charges and sentenced to a term of probation in April 2022. He was not in the custody of the Department of Corrections. After receiving official verification of his conviction on June 2, 2022, the Board issued an order declaring Rainey delinquent because his supervising parole agent was unable to locate him.[4] The case was then transferred to the FAST Unit to locate Rainey. On September 27, 2022, Rainey was arrested on new criminal charges and on the Board's warrant. Once Rainey was placed in custody, the Board conducted his revocation hearing within 48 days.

Rainey contends that the exceptions to the 120-day time period in 37 Pa. Code §71.4 are inapplicable because he was not incarcerated when the Board received official verification of his conviction. Moreover, any delay in holding the revocation hearing was not attributable to him because he was still living at the same address and using the telephone number that he did when he was on parole.

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[4] At the hearing, Agent Orlando informed the hearing examiner that he could "have the agent on record," who was on standby, "testify" about the efforts the Board made to locate Rainey. H.T. 12; C.R. 37. The hearing examiner, however, determined that was not necessary because he had "noted the objection." H.T. 13; C.R. 38.

Rainey directs this Court to its decision in *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 524 A.2d 1049 (Pa. Cmwlth. 1987), where this Court reversed the Board's revocation of parole because the hearing was untimely held. There, the parolee was transported to New Jersey to face pending criminal charges. He pled guilty to those charges on May 9, 1984, and was sentenced on June 15, 1984. Thereafter, he was returned to a Pennsylvania State Correctional Institution the first week of July 1984, and his revocation hearing for the New Jersey convictions was conducted on November 27, 1984. At that hearing, the hearing examiner accepted the parole agent's testimony that official verification of the conviction was received on September 13, 1984. However, because the verification was not dated, this Court concluded actual receipt was not established. *Abbruzzese* is irrelevant because, here, there is no dispute that the Board received official verification of Rainey's conviction on June 2, 2022.

Rainey notes, correctly, that he was not "confined outside the jurisdiction of the Department of Corrections," such as in a county correctional facility, at the time the Board received official verification of his conviction. 37 Pa. Code §71.4(1)(i). Even so, the Board's regulations specify that the period of time that a parolee is unavailable will be excluded from the calculation of the 120-day deadline. 37 Pa. Code §71.5(c). The Board accepted the parole agent's testimony that Rainey was unavailable between June 2, 2022, when it received verification of the conviction, and September 27, 2022, when he was arrested. The Board cannot hold a revocation hearing without first providing notice of that hearing. *See generally Morrissey v. Brewer*, 408 U.S. 471 (1972). This requires having custody or access to the parolee.

7

A total of 165 days elapsed from the date the Board received official verification (June 2, 2022), until the revocation hearing (November 14, 2022). Subtracting the time that Rainey was unavailable, 117 days, from that total, leaves 48 days. Because Rainey's hearing was held within 48 days from the Board's receipt of official verification of his conviction, his revocation hearing was timely.

For the foregoing reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John C. Rainey,                     :
                 Petitioner         :
                                    :
        v.                          :        No. 1124 C.D. 2023
                                    :
Pennsylvania Parole Board,          :
                 Respondent         :

# **O R D E R**

AND NOW, this 12th day of September, 2024, the adjudication of the Pennsylvania Parole Board, dated September 7, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita