Robert V. PREBELLA, Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 21, 2007.

Decided Feb. 11, 2008.

Maureen McQuillan, Ebensburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Robert V. Prebella (Prebella) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a techni-cal parole violator to serve nine months' backtime on his six-year state prison sentence. Before this Court, Prebella asserts his uncounseled execution of Board Form 72–A, "Waiver of Violation Hearing and Admission Form" (violation hearing waiver), violated his administrative due process rights under Board regulations at 37 Pa. Code § 71.2. Prebella further asserts the Board's use of the violation hearing waiver denied him his statutory and constitutional right to assistance of counsel. For the following reasons, we affirm the Board.

In November 2006, the Board re-paroled Prebella from his six-year maximum sentence for burglary. Thereafter, Prebella resided in the Johnstown Community Corrections Center (Community Center). While there, he worked full time and attended various treatment and counseling programs.

About three months later, in January 2007, Community Center staff observed Prebella in a tavern in the company of several known drug dealers. The next day, Prebella submitted a drug test positive for cocaine. The Community Center placed Prebella on restriction for two weeks.

In March 2007, the Community Center discharged Prebella for drug use. As a result, the Board arrested and detained him for re-parole violations. At the time of his arrest, Prebella admitted to his parole agent, Joseph Gaut (Parole Agent), that he used cocaine. The Board charged Prebella with violations of Condition # 5a, drug use, and Condition # 7, failure to comply with special condition: unsuccessful discharge from a community center.

On March 6, 2007, four days after his arrest, Prebella executed several Board forms while incarcerated at SCI–Cresson. Prebella signed these forms in the presence of Institutional Parole Supervisor Gregory Reese (Parole Supervisor). Pre-

bella signed a notice of charges and hearings. Certified Record (C.R.) at 15. He also executed forms wherein he waived representation by counsel, but requested a hearing; waived a preliminary hearing, but requested a violation hearing; and waived a request for panel hearing. *Id.* at 22–23.

Important for present purposes, Prebella also executed a violation hearing waiver the same day. *Id.* at 24. In this form, Prebella acknowledged an understanding of his constitutional right to a violation hearing, and he waived the right "of my own free will, without promise, threat or coercion." *Id.* Prebella also admitted to violations of Conditions # 5a and # 7, "knowingly, voluntarily and willingly." *Id.* In the six-line explanation space, Prebella admitted relapsing and using cocaine. *Id.* He also acknowledged his right to withdraw his admission of violations within 10 calendar days. *Id.*

Parole Supervisor witnessed Prebella's execution of the violation hearing waiver. *Id.* Three days later, another parole supervisor reviewed and signed Prebella's violation hearing waiver. *Id.*

Thereafter, a Board hearing examiner prepared a report based on Prebella's waivers and admissions. *Id.* at 16–21. Relying on Prebella's admissions in the violation hearing waiver, the Board recommitted Prebella to nine months' backtime for the two technical violations of his reparole. *Id.* at 27. The backtime imposed by the April 11, 2007 order was near the low end of the presumptive range for the technical violations. *See* 37 Pa.Code §§ 75.3(f), 75.4 (presumptive range of 5 to 12 months for single violation of Condition

# 5a; and an additional 3 to 18 months for violation of special condition).

Unhappy with the result, Prebella filed a petition for administrative relief. Contrary to the terms of the violation hearing waiver, he alleged Parole Agent coerced him into waiving his rights. *See Id.* at 28–30. Prebella maintained Parole Agent promised him placement in a "half-way back" program if he admitted using a controlled substance. *Id.* at 29. Thereafter, Prebella claims, Parole Supervisor advised him he would be placed in a "back on track" program rather than a "half-way back" program. *Id.* Thus, Prebella asserted he waived his constitutional rights based on these misrepresentations. *Id.* Prebella did not allege he ever sought to withdraw his waiver and admissions.

Noting the record reflects Prebella voluntarily admitted he violated Conditions # 5a and # 7, the Board reviewed the existing record and affirmed its recommitment order. *See* Wile, *Pennsylvania Law of Probation and Parole* § 17:7 (2d. ed. 2003) (Board review limited to determining whether decision supported by substantial evidence or whether violation of law occurred). Prebella appealed here.

█ Our review is limited to determining whether the Board's decision was supported by substantial evidence and whether the Board erred as a matter of law or violated the parolee's constitutional rights. *Figueroa v. Pa. Bd. of Prob. & Parole,* 900 A.2d 949 (Pa.Cmwlth.2006).

On appeal, we appointed the Cambria County Public Defender as counsel. Prebella, through appointed counsel, now asserts his uncounseled waiver of a violation hearing violated Board regulations at 37 Pa.Code § 71.2,[1] and deprived him of his

---

1. The Board, at 37 Pa.Code § 71.2, details the procedures it must follow when charging a parolee with technical parole violations. This regulation also explains the parolee's due pro-

cess rights during the revocation process, which include the right to counsel during the revocation proceeding; the right to a preliminary hearing to determine whether probable

right to counsel. Prebella maintains the legality and constitutionality of the violation hearing waiver is a matter of first impression.

The Board counters Prebella waived these issues by not raising them either in his administrative appeal or his petition for review to this Court. Alternatively, the Board asserts it legally afforded Prebella the opportunity to exercise the option to waive his violation hearing without first consulting counsel. The Board contends its regulations do not prohibit a parolee's uncounseled exercise of the option to waive a violation hearing. Additionally, the Board asserts there is no statutory or constitutional prohibition against permitting a parolee to waive his violation hearing without first consulting counsel.

■ We initially address the Board's assertion Prebella waived his argument that the Board illegally allowed him to waive his right to a violation hearing without first consulting counsel. The Board contends Prebella's claim is waived because he did not raise it in his administrative appeal of the revocation decision. The Board emphasizes an appellate court cannot review factual and legal claims a parolee did not first present to the Board. Otherwise, the court would be conducting original, not appellate review.

In his petition for administrative relief below, and in his petition for review here, Prebella asserts in a verified statement that Board staff misled or coerced him into executing the violation hearing waiver and admitting the parole violations. In his petition for administrative relief, Prebella states:

In this case, [Prebella] waived various constitutional protections, and due pro-

cess requirements, based upon repeatedly being mis-represented that he would be placed in the "Half–Way Back Program," then the "Back on Track Program," which coerced [Prebella], making his admission involuntary, and his waiver of a full board due process hearing under [*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ].... Such waivers [sic] not voluntary, knowing, or intelligently made, but rather made on promises of [Board staff], promises that induced such admission and waiver of his fundamental constitutional rights.

The record is clear that [Prebella] was not placed in the "Half–Way Back Program," or the "Back on Track Program" as advised by [Parole Agent] and [Parole Supervisor], as they promised [Prebella].

Based upon the foregoing, the admission to the violations, and waiver of a preliminary hearing, right to counsel, and a full Board revocation hearing was unlawfully induced, based upon false promises by Board staff, and [Prebella] should either be forthwith placed in the HalfWay Back or Back On Track Program, or the revocation process declared unconstitutional, null and void, and [Prebella] re-paroled forthwith, alternatively, provide [Prebella] a full Board hearing on the violations, with counsel to represent him.

Pet. for Admin. Relief at 3; C.R. at 30.

Prebella now asserts the Board's use of its violation hearing waiver form is contrary to the Board's due process regulations at 37 Pa.Code § 71.2 and deprived Prebella of his right to assistance of counsel. Prebella concedes 37 Pa.Code § 71.2 authorized Parole Supervisor to obtain a preliminary hearing waiver; however, he

cause exists to believe the parolee committed a parole violation; and the right to a violation hearing to determine, based on the evidence

presented, whether the parole violation occurred.

asserts nothing in these regulations authorized Parole Supervisor to obtain a waiver of the violation hearing. Rather, Prebella contends, at a minimum, a hearing examiner must administer the violation hearing waiver and determine the parolee knowingly, intelligently and freely waived the violation hearing.

Further, Prebella asserts this new waiver form, which authorizes a blanket waiver of a violation hearing without notice of right to counsel, is unauthorized and unsupported by Pennsylvania law. Therefore, Prebella asserts the hearing violation waiver form is invalid.[2]

Additionally, Prebella asserts he preserved these issues by alleging in his appellate petitions that his waiver of his right to counsel, right to a preliminary hearing, and right to a violation hearing were unlawfully induced and must therefore be declared unconstitutional. *See* Prebella's Br. at 8, Summ. of Argument.

In his petition for administrative relief to the Board, Prebella challenged the execution of the violation waiver form. He thus raised an "as applied" challenge to it in his circumstances. Therefore, he preserved an "as applied" challenge.

However, contrary to Prebella's arguments, the Board's regulations specifically envision waivers by parolees accused of violations, including waiver of a violation hearing. *See* 37 Pa.Code § 71.2(5) (right to preliminary hearing and right to counsel may be waived, parolee may waive right to have violation hearing before Board panel); 37 Pa.Code § 71.2(7) (violations may be admitted, agreed to or stipulated); 37 Pa. Code § 71.2(9) (examiner shall initiate

scheduling a violation hearing "*if desired by the parolee* or by the Board's representative to resolve remaining contested relevant facts") (emphasis added).

■ Further, and also contrary to Prebella's arguments, Pennsylvania law clearly supports the type of waivers executed here. In order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. *See Roblyer v. Pa. Bd. of Prob. & Parole,* 148 Pa.Cmwlth. 107, 609 A.2d 884 (1992) (waiver of counsel); Wile, *Pennsylvania Law of Probation and Parole* § 13.25 (2d. ed.2003). The waiver need not be effectuated in an "on the record colloquy." *See Coades v. Pa. Bd. of Prob. & Parole,* 84 Pa.Cmwlth. 484, 480 A.2d 1298, 1305 (1984) (waiver of counsel). Rather, as here, execution of the Board's form is sufficient. *See also Hill v. Pa. Bd. of Prob. & Parole,* 89 Pa.Cmwlth. 140, 492 A.2d 80 (1985) (waiver of counsel).

■ Right to counsel in a state parole violation hearing is not based on either the state or federal constitutions, but rather on statutory law, case law and regulatory law. *Worthington v. Pa. Bd. of Prob. & Parole,* 784 A.2d 275 (Pa.Cmwlth.2001). A parolee's waiver of counsel is deemed informed and voluntary if, as here, the parolee is informed of right to counsel, provided the name and address of the appropriate public defender, and gives his written statement that he has been fully advised of this right and waived it out of his own free will. *Roblyer; Hill.* There is no authori-

2. In contrast, Prebella concedes that appellate courts consistently uphold the Board's general waiver of counsel form, commonly known as "Form 72." *See Hill v. Pa. Bd. of Prob. & Parole,* 89 Pa.Cmwlth. 140, 492 A.2d 80 (1985). In *Hill,* we determined Form 72 satisfied the waiver of counsel requirements established in *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa.Cmwlth. 484, 480 A.2d 1298 (1984) (to effectuate parolee's valid waiver of counsel, Board must inform parolee of right to counsel at hearings, right to free counsel if indigent, and name and address of appropriate public defender).

ty that each of multiple waiver forms must contain a provision waiving the right to counsel; there is no authority that a parolee must repeatedly waive the right to counsel; and there is no authority that an unconditional waiver of counsel is nevertheless implicitly limited in duration or breadth. Rather, a written waiver of counsel continues effective according to its terms until revoked by a parolee.

A parolee "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, nothing in *Morrissey* prevents a parolee from waiving a violation hearing without first consulting counsel. A parole revocation hearing is not the equivalent of "a criminal prosecution in any sense." *Id.* at 489, 92 S.Ct. 2593.

In addition, and also contrary to Prebella's contentions, the violation hearing waiver form here reflects Prebella voluntarily, knowingly and intelligently waived his right to a violation hearing and admitted the parole violations. He signed the following statements (with emphasis added):

*I have been advised of my constitutional right to a preliminary hearing and a violation hearing.* With full knowledge and understanding of my constitutional right to a preliminary hearing and a violation hearing, I hereby waive that right. *I waive this right of my own free will, without promise, threat or coercion.*

\* \* \*

On [March 6, 2007], *I, [Prebella] do knowingly, intelligently, and voluntarily admit that I was in violation of the terms and conditions of my parole.* The specific violations that I committed

[were] Conditions 5a and 7. I knowingly, voluntarily and willingly admit to the violations listed above. *I understand and agree that this admission can be withdrawn by me, in writing, within ten (10) calendar days of the date, as written above.*

C.R. at 24. Although Prebella now alleges Board staff induced him to waive his violation hearing by promising to return him to a "half-way back" program, his statements are contrary to his signed statements of record. Moreover, he never sought to withdraw his admissions although advised of his right to do so.

Further, Prebella specifically admitted he relapsed and "snorted a line," while on re-parole. *Id.* Indeed, he does not claim innocence. Considering the foregoing, the record supports the Board's final decision that Prebella "voluntarily admitted to violating the conditions indicated." *Id.* at 34. Therefore, the Board did not abuse its discretion by recommitting Prebella based on his admission of the two technical parole violations.

In sum, Prebella relinquished his right to a violation hearing. It was only after that opportunity passed and he was disappointed in the result that he sought to raise new facts contrary to those he previously put in the record. Essentially, he seeks to impeach himself and to obtain a different disposition far below the presumptive range. Because there is no support for such an outcome in the case law, in the regulations or in the record, we affirm.

### ORDER

AND NOW, this 11th day of February, 2008, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED.**