IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spencer Brown,                                          :
                            Petitioner               :
                                                       :     No.  223 C.D. 2015
                    v.                                :
                                                       :     Submitted:  November 20, 2015
Pennsylvania Board of Probation             :
and Parole,                                          :
                            Respondent              :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  January 29, 2016


            Spencer Brown (Petitioner) petitions for review of the January 28, 2015 order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal and recalculating his reparole eligibility and maximum sentence dates.[2]  Petitioner contends that the Board erred in failing to grant him credit for certain periods of time while he was incarcerated on both the Board's detainer and for criminal charges that he pled guilty to and received a sentence that exceeded the length of his pre-trial detention.  We affirm.

_____

            [1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

            [2] By order dated April 21, 2015, this Court appointed the public defender of Indiana County to represent Petitioner.

As Petitioner admits, the Board's decision correctly sets forth the pertinent facts. (Petitioner's brief at 8.) On September 2, 2009, the Board released Petitioner on parole. On September 24, 2012, Petitioner was arrested by the Philadelphia Police Department for alleged violations of the Crimes Code[3] and was immediately incarcerated. The Board lodged its warrant to commit and detain Petitioner on September 26, 2012. On October 25, 2012, the trial court released Petitioner on his own recognizance, but he remained incarcerated solely on the Board's detainer until April 30, 2013. (Board's decision at 1-2; Certified Record (C.R.) at 16-18, 48.)

On April 30, 2013, Petitioner pled guilty to aggravated assault, possession of an instrument of a crime, and driving under the influence of alcohol or drugs. On that same date, a trial court sentenced Petitioner to an aggregate term of 11 months and 15 days to 23 months' imprisonment. On July 1, 2014, the trial court paroled Petitioner, and Petitioner became available to begin serving his original sentence on that date. (*Id.*)

By decision mailed November 11, 2014, the Board recalculated Petitioner's original maximum sentence date as being January 30, 2019. Petitioner then filed a petition for administrative review, asserting that the Board's calculation was factually and legally erroneous. (Board's decision at 1.)

In an order dated January 28, 2015, the Board affirmed its November 11, 2014 calculation. The Board explained that when it paroled Petitioner on September 2, 2009, his original maximum sentence date was October 7, 2014, which left 1,861 days (approximately 5 years and 1 month) remaining on his original sentence. The Board provided Petitioner with backtime credit from October 25, 2012, to April 30,

_____

[3] 18 Pa.C.S. §§101—1110.

2013 (or 187 days), because, during this time, Petitioner was released on his own recognizance but remained incarcerated *solely* on the Board's detainer. *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Subtracting 187 days from 1,861, the Board determined that Petitioner owed a total of 1,674 days or 4 years and 7 months on his original sentence. The Board then added this amount to July 1, 2014, the day on which Petitioner was paroled by the trial court, to yield a new maximum original sentence date of January 30, 2019. In making its calculation, the Board did not award Petitioner any credit for time he spent at liberty on parole. *See* Sections 6138(a)(2) and (2.1) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2), (2.1). (Board's decision at 1-2.)

On appeal to this Court,[4] Petitioner does not contest the technical aspects of the Board's arithmetic, but he asserts that the Board erred in failing to grant him additional credit on his original sentence. Specifically, Petitioner contends that he is entitled to credit for the time period from September 26, 2012, the date on which the Board lodged its detainer, to October 25, 2012, the date the trial court ordered that he may be released on his own recognizance. Petitioner also asserts that he is entitled to credit for the time period from April 30, 2013, the date on which he pled guilty, to July 1, 2014, the date that he was paroled by the trial court. According to Petitioner, he is legally owed credit for his imprisonment during these time-frames because he was incarcerated on both the Board's detainer and new criminal charges. We disagree.

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 259 (Pa. Cmwlth. 2008).

It is now settled that where, as here, "an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence [*i.e.*, the trial court's latest sentence] *or* the original sentence [*i.e.*, the sentence from which the Board paroled the parolee]." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003) (emphasis added). More specifically, our case law has established that if a parolee's "period of pre-sentence incarceration *exceeds* the maximum term of the new sentence, the credit must be applied to the original sentence." *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 354-56 (Pa. Cmwlth. 2007) (emphasis in original). But in the converse situation, where the length of pre-sentence incarceration is *less than* the maximum term of the trial court's new sentence, the pre-sentence incarceration time must be credited toward the new sentence. *Id.*; *accord Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 54-55 (Pa. Cmwlth. 2007). Put simply, the time spent during pre-sentence incarceration will first be applied as a credit to the trial court's new sentence and the amount of time, if any, that exceeds the maximum term of the new sentence will be credited to the original sentence.

Here, the length of Petitioner's pre-sentence confinement that the Board did not credit to his original sentence was from September 26 to October 25, 2012 (the date of the detainer to the date of release on recognizance), or approximately 1 month. However, this amount of time was *less than* the maximum term of the trial court's new sentence of 23 months' imprisonment. Therefore, pursuant to our case law, this 1 month period of time was required to be credited to the new sentence that the trial court imposed on Petitioner, not on Petitioner's original sentence.

Moreover, section 9760(1) of the Sentencing Code governs the granting of credit for periods of incarceration following a trial court's imposition of a new sentence. This provision declares that credit in such a situation is to be applied to the new sentence, stating that "[c]redit against the maximum and any minimum term shall be given to a defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed. . . .*" 42 Pa.C.S. §9760(1) (emphasis supplied). *See Commonwealth v. Kyle*, 874 A.2d 12, 17 (Pa. 2005). Similarly, section 6138(a)(1)(5)(iii) of the Parole Code states that a petitioner must serve the trial court's new sentence prior to commencing service on his original sentence:

> [a] parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee . . . pleads guilty . . . [and] a new sentence is imposed on the parolee, *the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.*

61 Pa.C.S. §6138(a)(5)(iii) (emphasis added).

Pursuant to these unambiguous statutory sections, Petitioner's post-sentence period of incarceration, from April 30, 2013, until the trial court's grant of parole on July 1, 2014 (approximately 1 year and 2 months), was the sole result of the trial court's new sentence. Because this length of time was less than the maximum term of the trial court's new sentence 23 months' imprisonment, it must be credited toward Petitioner's new sentence and not on his original sentence.

In sum, Petitioner seeks a total of 1 year and 3 months credit on his original sentence for time he spent incarcerated both pre-sentence and post-sentence. The maximum term of the trial court's new sentence was 23 months' imprisonment. The difference between these two sets of figures must be credited toward Petitioner's

new sentence, because Petitioner had not completed the maximum term of the new sentence at the time the trial court granted him parole. Therefore, Petitioner was not entitled to any further credit on his original sentence and we conclude that the Board did not commit legal error in its calculation.[5]

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] We note that our Supreme Court has held that issues regarding the proper allocation of credit on a new sentence for time served are to be addressed by the trial court, or the Superior Court on appeal. *McCray v. Department of Corrections*, 872 A.2d 1127, 1132-33 (Pa. 2005); *accord Armbruster*, 919 A.2d at 355. In other words, if the trial court erroneously denied – or later denies – Petitioner credit for time served on his new sentence, Petitioner's remedy is to appeal to the Superior Court, not seek additional credit from the Board. *McCray*, 872 A.2d at 1132-33.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spencer Brown,                      :
            Petitioner        :
                      :   No.  223 C.D. 2015
       v.                 :
                      :
Pennsylvania Board of Probation   :
and Parole,                   :
            Respondent    :

## ***ORDER***

AND NOW, this 29th day of January, 2016, the January 28, 2015 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge