IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Mendez,                              :
                    Petitioner            :
                                          :   No.  912 C.D. 2017
            v.                            :
                                          :   Submitted:  February 2, 2018
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  May 30, 2018


        Jose Mendez (Petitioner) petitions for review of the May 19, 2017 decision of the Pennsylvania Board of Probation and Parole (Board), which denied his petition for administrative review and affirmed the April 21, 2016 determination to recommit Petitioner as a convicted parole violator (CPV) and extend his maximum sentence expiration date.

        In March 1996, Petitioner was sentenced to a term of incarceration of three to 10 years after pleading guilty to two counts of aggravated assault.  Petitioner's maximum sentence date was October 9, 2005.  In October 1999, the Board granted Petitioner parole.  In December 1999, he signed a document setting forth the conditions governing his parole and was sent to a community corrections center.  Petitioner successfully completed his time at the community corrections center and was

discharged in April 2000. (Certified Record (C.R.) Item No. 1, at 1; Item No. 2, at 5-6, 8-11; Item No. 3, at 22.)

On February 5, 2003, Petitioner was arrested and charged in federal court with conspiracy to distribute crack cocaine and heroin, as well as firearm offenses. (C.R. Item No. 3, at 13.) In February 2003, as a result of this arrest and the federal charges, the Board lodged a warrant to commit and detain Petitioner. (*Id.*, at 21.) Petitioner remained in federal custody during the pendency of the federal prosecution. In February 2004, Petitioner pleaded guilty and was sentenced in December 2005 to 16 years' imprisonment and 10 years of supervised release. (*Id.*, at 17-18.) However, the judgment of the sentence was not docketed until February 9, 2006. (*Id.*, at 18-19.) In March 2006, the Board lodged a warrant to arrest and detain Petitioner for violation of his parole. (*Id.*, at 23, 28; C.R. Item No. 5, at 46.)

Upon completion of his federal sentence in March 2016, Petitioner was returned to the Pennsylvania State Correctional Institution – Coal Township. Petitioner signed a form waiving a revocation hearing and his right to counsel at that hearing and admitted to the criminal convictions.[1] (C.R. Item No. 4, at 32.) Based on

---

[1] The waiver of revocation and admission form stated:

> I have been advised of my rights to a parole revocation hearing and counsel at that hearing. I have also been advised that there is no penalty for requesting counsel, that free counsel is available if I cannot afford to retain counsel, and I have been provided the name and address of the local public defender. With full knowledge and understanding of these rights, I hereby waive my right to a parole revocation hearing and counsel at that hearing. I waive these rights of my own free will, without any promise, threat or coercion.

(C.R. Item No. 4, at 32.) Petitioner and a witness, parole agent Rochelle Straub, signed the form. The form further stated:

2

the certified record of criminal convictions and the waivers executed by Petitioner, on April 21, 2016, the Board recommitted him to serve his unexpired term of five years, nine months, and 26 days on his original state sentence. (C.R. Item No. 5, at 42-43.) Additionally, Petitioner's maximum sentence date was recalculated from October 9, 2005, to January 9, 2022. *Id.*

---

On the 21st day of March 2016, I, Jose Mendez do knowingly, intelligently, and voluntarily admit that: I was convicted of, plead [sic] guilty or plead no contest to the new criminal offense(s) listed on the attached PBPP 257N dated 3/10/2016 that the conduct underlying the charge occurred while I was on parole/delinquent on parole. I have been convicted of the offense(s) in a court of record and the offense(s) was punishable by imprisonment. Specifically, I knowingly, intelligently, and voluntarily admit that I have been convicted of:

. . .

1) CONSPIRACY TO DISTRIBUTE AND POSSESS W/INTENT TO DISTRIBUTE MORE THAN 50 GRAMS OF CRACK COCAINE AND MORE THAN 1000 GRAMS OF HEROIN WITHIN 1,000 FEET OF A PUBLIC SCHOOL[;]

2) USING OR CARRYING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME; AIDING AND ABETTING[;]

3) USING OR CARRYING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME[;]

4) POSSESSION OF A FIREARM AFFECTING COMMERCE BY A CONVICTED FELON; AIDING AND ABETTING

at Docket No(s). 2003-88-02 in violation of parole. I understand and agree that this admission is binding and may only be withdrawn if I submit a written withdrawal to my supervising agent, within ten (10) calendar days of the date written above.

(C.R. Item No. 4, at 32.)

In June 2016, Petitioner filed an administrative appeal, challenging the validity of his waiver and admission because he did not understand the waiver forms he signed, since English is his second language, and because the parole agent who witnessed his signing failed to identify herself as such and fraudulently induced him to sign the forms. (C.R. Item No. 6, at 47-49.) Petitioner also sent a follow-up to the administrative appeal in August 2016, and in October 2016, a supplemental amendment to the administrative appeal, challenging the timeliness of his revocation hearing. (C.R. Item No. 6, at 54, 57-59.)

In May 2017, the Board denied Petitioner's petition. It explained that Petitioner executed a form admitting he was convicted of new criminal offenses during the time of his parole and affirmed the Board's April 21, 2016 decision. Petitioner petitioned for this Court's review.

## Discussion

On appeal,[2] Petitioner now alleges that (1) the Board erred in rejecting his claim that his waiver of his right to a revocation hearing was not knowing, intelligent, or voluntary since he "lacked the English skills to read and understand the waiver form," (Petitioner's brief at 11), and (2) the Board violated his right to a timely revocation hearing when it waited until the expiration of his federal sentence to pursue revocation even though it was aware of Petitioner's federal conviction and had a valid detainer lodged against him.

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

With regard to his first argument, Petitioner states that the record is incomplete as to whether he has the ability to speak English and seeks a remand for an evidentiary hearing, noting that he "claimed in his Petition for Administrative Relief and Petition for Review that Spanish is his first language." (Petitioner's brief at 12.) Petitioner states that his alleged limited proficiency in English made it impossible for him to make a knowing, intelligent, and voluntary waiver of his right to a revocation hearing and counsel. Petitioner further asserts that, as a native Spanish speaker, "[c]ommon sense instructs that notice cannot be given or understood if not given in the language of the offender." (Petitioner's brief at 11.) Petitioner requests that the Court consider section 4412(a) of the Judicial Code, 42 Pa.C.S. §4412(a), which states: "Upon request or sua sponte, if the presiding judicial officer determines that a principal party in interest or witness has a limited ability to speak or understand English, then a certified interpreter shall be appointed, unless the certified interpreter is unavailable as provided in subsection (b)." Petitioner acknowledges that a revocation hearing is "not a judicial proceeding but an administrative right," but urges that the statute "suggests that fairness requires that persons hailed into court on an [a]dministrative process have the right to understand what is going on in their own language." (Petitioner's brief at 12.) Petitioner argues that the Board recognized this fact by providing Spanish versions of the Parole Handbook and "many other documents" on the Board's website. *Id.*

In response, the Board asserts that, in order to effectuate a knowing and voluntary waiver, "all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form." *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008). Further, the Board observes that a parolee's waiver of counsel is deemed informed and voluntary if the parolee was

5

informed of the right to counsel, was provided the name and address of the appropriate public defender, and has given a written statement that he has been fully advised of these rights and waived them of his own free will. *Id.*

Here, the Board notes that Petitioner signed and dated a series of waivers, in which he waived his rights to a parole revocation hearing and to be represented by counsel and admitted that he had been convicted of federal drug trafficking, conspiracy, and firearm charges in violation of his parole. The Board states that, in the forms, Petitioner specifically acknowledged that he had been advised of his constitutional right to a revocation hearing, which he waived of his own free will, and that he was admitting the convictions underlying the parole revocation knowingly, intelligently, voluntarily, and with the knowledge that his admission could be withdrawn within 10 days. (C.R. Item No. 4, at 32.) The Board asserts that, here, the Board followed its regulations, its waiver forms were valid, and the Board properly relied upon them in issuing its decision.

In *Malloy v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1851 C.D. 2010, filed April 5, 2012),[3] the petitioner similarly argued that he did not knowingly waive his right to a revocation hearing because, *inter alia*, the form did not verify that he could read, write, or understand English. In affirming the Board's decision, which denied his petition for administrative relief from an order recommitting him as a CPV and recalculating his sentence dates, the Court stated that the petitioner's arguments lack merit and cited *Prebella*'s holding that waivers, such as those signed by the petitioner, are valid where the Board can show that it followed its own regulations and provided the necessary information to the offender prior to his signing

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported Commonwealth Court panel decision issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

6

the waiver form. *Malloy*, slip op. at 6. There, the Court stated that the Board showed proper execution of the forms by submitting them into the certified record and stated that the waivers were valid. *Id.*

Upon review, Pennsylvania law clearly upholds as valid the type of waivers that Petitioner signed, as the forms signed by Petitioner are substantially similar to those upheld in *Malloy* and *Prebella*. *Compare* C.R. Item No. 4, at 32, *with Prebella*, 942 A.2d at 259, 262, *and Malloy*, slip op. at 3 n.3, n.4. Further, Petitioner never sought to withdraw his admissions despite the fact the form advised him of his right to do so. As such, the Board has shown proper execution of the forms by their submittal into the certified record.

Moreover, Petitioner's argument is belied by several signed and dated letters addressed to the Board appearing in the certified record, which were handwritten in English by Petitioner. (C.R. Item No. 6, at 47-56.) In the letters, Petitioner cites to various sections of the Board's regulations and reproduces various definitions of legal terms from the 9th edition of *Black's Law Dictionary*, including "due process," "undue influence," "unfair persuasion," and "illegal contract." (*Id.* at 50-51.) Throughout the letters, Petitioner generally uses English terms in their proper grammatical context, displaying a working knowledge of English vocabulary and thus the ability to read, write, and, presumably, comprehend English. Further, Petitioner does not contend that the letters were written by another on his behalf. Thus, although the Court agrees that the Board's regulations should include some assessment of whether the individual signing the waiver comprehends English, in this case, Petitioner's own letters disprove his contention that he was unable to properly waive his rights because he could not understand English. Accordingly, the waivers were valid and the Board did not abuse its discretion in relying on them in issuing its decision to recommit Petitioner as a CPV.

In his second issue, Petitioner asserts that he has a valid argument to challenge the timeliness of a revocation hearing, which he could raise if a revocation hearing were held. Petitioner cites *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), to argue that his revocation of parole should be dismissed because of the Board's failure to hold a revocation hearing within 120 days from the date of Petitioner's federal conviction. Petitioner contends that the Board "was aware" of Petitioner's charges and conviction and "presumably could have been able to afford a timely revocation hearing within 120 days of the federal conviction." (Petitioner's brief at 13.) Petitioner asserts that the existence of this issue is an additional reason to remand to determine whether he was unable to make a voluntary waiver due to his "limited English proficiency." (*Id.*)

In response, the Board argues that Petitioner waived this issue by failing to raise it in his petition for administrative relief, noting that his follow-up appeal and supplemental amendment to his original appeal were filed beyond the 30 days permitted under the Board's regulations. 37 Pa. Code §73.1(a)(1) (A parolee must appeal a decision revoking his parole within 30 days of the mailing date of the Board's order or the appeal will be dismissed as untimely.); §73.1(a)(4) ("Second or subsequent appeals and appeals which are out of time under these rules will not be received.").

We agree. In his petition for administrative review, Petitioner's sole argument was that his waiver of a revocation hearing and his right to counsel were invalid because English is his second language and because a parole agent fraudulently induced him to sign the waivers. (C.R. Item No. 6, at 47-49.) Issues not raised before the Board are waived and cannot be considered for the first time on appeal. Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. §703(a); Pa. R.A.P. 1551(a); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95

8

(Pa. Cmwlth. 1993). Thus, because Petitioner did not raise the issue of timeliness of his revocation hearing, his argument is waived.[4]

Accordingly, the Board's decision is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Even if Petitioner had raised the issue, his argument would nonetheless fail. Under section 71.4 of the Board's regulations,

> If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314[]A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

37 Pa. Code §71.4. Here, Petitioner was arrested and taken into federal custody in February 2003, pleaded guilty in February 2004, and although he was sentenced in December 2005, the judgment of sentence was not docketed until February 2006. (C.R. Item No. 3, at 13-19.) The Board lodged a warrant to arrest and detain Petitioner in March 2006. (C.R. Item No. 3, at 23.) On March 14, 2016, the Board was notified that Petitioner was available to be picked up from the Federal Bureau of Prisons, and two days later, Petitioner was returned to the State Correctional Institution – Coal Township. (*Id.*, at 28; C.R. Item No. 5, at 46.) On March 21, 2016, Petitioner signed the waiver of his right to a revocation hearing and his right to have an attorney present at the hearing and admitted his federal convictions. Thus, Petitioner's waiver of a revocation hearing occurred within 120 days of his return to the state correctional facility in accordance with section 71.4 of the Board's regulations, 37 Pa. Code §71.4. *See Brown v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 262 C.D. 2017, filed December 14, 2017), slip op. at 8 ("[U]nder the [Board's] regulations, when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to an SCI regardless of when the Board received official verification of a parolee's new conviction.")

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Mendez,                         :
          Petitioner          :
                         :   No.  912 C.D. 2017
          v.              :
                         :
Pennsylvania Board of      :
Probation and Parole,       :
          Respondent    :

## *ORDER*

AND NOW, this 30th day of May, 2018, the May 19, 2017 decision of the Pennsylvania Board of Probation and Parole is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge