# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Lee,                      :
             Petitioner      :
                                :
         v.                    :    No.  33 C.D. 2020
                                :    Submitted:  December 18, 2020
Pennsylvania Board          :
of Probation and Parole,       :
             Respondent    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                    FILED:  March 26, 2021

Kenneth Lee (Lee) petitions for review of a December 10, 2019 order of the Pennsylvania Board of Probation and Parole (the Board)[1] denying his request for administrative relief.  In his Petition for Review (Petition), Lee asserts that the Board abused its discretion in concluding that he waived his right to counsel and an evidentiary hearing and by failing to grant him credit for his time spent at liberty on parole (street time).  Lee also argues that his substantive due process rights were violated by the Board, alleging that the Board's decision to recalculate his sentences and revoke his parole was biased.  The Board contends that Lee validly waived his

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

rights to counsel and an evidentiary hearing and that the Board properly exercised its authority to recalculate Lee's sentences and revoke his parole, a decision based on Lee's prior supervision failures as supported by the record. Upon consideration, we affirm the Board's order and deny Lee's Application for Summary Relief.

## I. Background

On December 12, 1993, Lee was arrested and charged with murder following the allegedly accidental discharge of a firearm that resulted in the death of Lee's friend. Certified Record (C.R.) at 1; Lee's Br. at iix. At the time of his arrest, Lee was on parole from a one-and-a-half- to five-year sentence for an April 4, 1992 conviction of Possession with Intent to Deliver involving six grams of cocaine. Lee's Br. at iix. The Board issued a Warrant to Commit and Detain Lee on December 14, 1993, and he was detained pending disposition of criminal charges. Supplemental Record (S.R.) at 17A, 22A. Lee pled guilty to Murder in the Third Degree and Convicted Felon Not to Carry a Firearm on January 17, 1995. *Id.* at 15A, 25A. On April 10, 1995, the Honorable Jeffrey Manning of the Court of Common Pleas of Allegheny County sentenced Lee, in total, to 12 to 25 years in a state correctional institution (SCI), with minimum and maximum sentence dates of June 13, 2013, and June 13, 2032, respectively. *Id.* at 15A; C.R. at 1.

On May 10, 1995, the Honorable Donna Jo McDaniel of the Court of Common Pleas of Allegheny County sentenced Lee to 4 to 10 years of imprisonment for "Violation of Probation Robbery (General)." C.R. at 1. These charges resulted from a robbery, specifically a "purse snatching," that Lee committed on December 11, 1990. *Id.* at 78. Judge McDaniel ordered this sentence to be served consecutive to any and all sentences imposed by Judge Manning related to the murder and firearms convictions. *Id.*

2

Based on Lee's new convictions, on February 28, 1995, the Board held a parole revocation hearing. S.R. at 26A. On March 21, 1995, the Board ordered Lee recommitted to an SCI as a Convicted Parole Violator (CPV). *Id.* at 37A. Lee was paroled from SCI-Greene on June 8, 2015.[2] C.R. at 56.

On April 18, 2018, Lee was arrested for Possession with Intent to Deliver, with the arrest report detailing "several bags of marijuana and a scale" belonging to Lee. *Id.* at 28. The Board issued a Warrant to Commit and Detain on April 19, 2018, to detain Lee pending disposition of his criminal charges. *Id.* at 33. As a result, Lee was transported to SCI-Fayette. *Id.* Following Lee's guilty plea, the Court of Common Pleas of Allegheny County sentenced Lee to 12 months of probation. *Id.* at 60.

On May 24, 2018, the Board notified Lee of its intention to hold a parole revocation hearing relating to his recent charges. *Id.* at 40. Lee signed the notice, confirming his receipt. *Id.* Also, on May 24, 2018, Lee signed a Waiver of Revocation Hearing and Counsel form. *Id.* at 41. In a decision dated August 26, 2018, the Board ordered Lee recommitted to an SCI to serve 12 months of backtime as a CPV. *Id.* at 67. The Board further explained that Lee was not eligible for parole until April 19, 2019. *Id.* Additionally, the Board did not award Lee credit for his

_____

[2] At the expiration of his minimum sentence in 2013, Lee was notified that he would be considered for suitability for possible release. C.R. at 78. However, Lee was later notified by the Board that he would not be released at the conclusion of his minimum sentence and would not again be considered for parole until 2015. *Id.* In response, Lee filed a Petition for Review in the Nature of Mandamus with this Court, alleging that, by assessing his parole suitability based, in part, on subsequent legislation and parole guidelines and policy changes, the Board violated the *ex post facto* clauses of both the Pennsylvania and United States Constitutions. *Id.* This Court denied the Petition and, following Lee's subsequent appeal, the Pennsylvania Supreme Court affirmed this Court's decision. *See Lee v. Pa. Bd. of Prob. & Parole*, 102 A.3d 419 (Pa. 2014). Lee then filed a Petition for a Writ of Certiorari with the United States Supreme Court, which was denied. *See Lee v. Pa. Bd. of Prob. & Parole*, 135 S. Ct. 2348 (2015).

street time due to "prior supervision failures." *Id.* Lee's maximum sentence date was also recalculated as April 24, 2035.[3] *Id.* at 72.

Lee filed an administrative appeal with the Board on October 1, 2018, challenging the validity of his signed Waiver of Revocation Hearing and Counsel, as well as the authority of the Board to recalculate his sentence and to exercise its discretion by not awarding him credit for his street time. C.R. at 76-131. The Board affirmed its prior decision on December 10, 2019, indicating that its decision to revoke Lee's parole was supported by substantial evidence, did not constitute an

---

[3] In its brief, the Board explains the details of the recalculation as follows:

> When Lee was paroled from his [1995 third-degree murder and firearms] sentence . . . on June 8, 2015, his Original Sentence maximum date was June 13, 2032. C.R. at 8-9. This resulted in Lee owing 6,215 days toward his [1995 third-degree murder and firearms] [s]entence when he was paroled. C.R. at 65. When his maximum sentence was recalculated, the Board provided Lee with 21 days of backtime credit, for the period he was confined from April 19, 2018, to May 10, 2018, because he was sentenced to a term of probation. C.R. at 43-44, 65. The Board used May 10, 2018, the day Lee was sentenced in his Allegheny [County "Violation of Parole Robbery (General)"] case, as Lee's custody for return date. C.R. at 43-44, 65. Adding 6,194 days (6,215 days – 21 days = 6,194 days) to May 10, 2018, results in Lee's [1995 third-degree murder and firearms] [s]entence maximum date being recalculated as April 25, 2035. C.R. at 65.

Board's Br. at 4-5. Further, "Lee's maximum sentence date was initially recalculated to April 25, 2035, but due to a Department of Corrections Sentence Restructure the maximum sentence date was changed from April 25, 2035 to April 24, 2035. C.R. [at] 65-66, 72-74." *Id*. at 4 n.1.

4

error of law, and did not violate any constitutional rights. C.R. at 267-68. Lee now petitions this Court for review.[4],[5]

## II.    Discussion

Lee argues that the Board abused its discretion when it allegedly misled him with regard to waiving his rights to a revocation hearing and counsel. Further, Lee asserts that the Board also abused its discretion in determining that it lacked the discretion to award him credit for street time. Lee also contends that the Board's recalculation of his maximum sentence date violated his substantive due process rights. Finally, Lee alleges that the Board's revocation of his parole can be attributed to its bias against him.

As acknowledged by Lee in his brief to this Court, "[a] finding of abuse of discretion may not be made 'merely because an appellate court might have reached a different conclusion, but requires a result of unreasonableness, or partiality, prejudice, bias, or such lack of support so as to be clearly erroneous.'"

---

[4] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated. *Detar v. Pa. Bd. of Prob. & Parole*, 890 A.2d 27 (Pa. Cmwlth. 2006).

[5] Lee also filed an Application for Summary Relief with this Court on February 11, 2020. In an Order dated April 6, 2020, this Court directed that the Application for Summary Relief be decided on briefs with the merits of the appeal. Cmwlth. Ct. Order, 04/06/2020. Lee's Application for Summary Relief addresses the same issues raised within his Petition for Review, to such an extent that Lee makes an identical request of this Court in both documents:

> WHEREFORE, Petitioner prays that this Honorable Court will reverse the determination of the Board regarding his Administrative Appeal and Petition for Review and grant him such relief as may be proper under the circumstances.

Petition at 11-12; Application for Summary Relief at 5. As Lee's Application for Summary Relief serves only to reiterate the issues previously raised within his Petition, we incorporate consideration of Lee's Application for Summary Relief within our review of his Petition.

5

*Commonwealth v. Koch*, 106 A.3d 705, 710-11 (Pa. 2014) (quoting *Commonwealth v. Laird*, 988 A.2d 618, 636 (Pa. 2010)). However, the Board maintains that the record does not contain evidence to support Lee's assertions that he was misled or subject to bias by the Board that resulted in a deprivation of his constitutional rights. In fact, in the Board's view, the evidence contained within the record actually demonstrates that the Board properly exercised its statutory authority and supported its associated decisions regarding Lee's parole revocation with a sufficient reason, his prior supervision failures. In sum, the Board argues that it did not abuse its discretion and Lee's argument is based on "his own bald assertion" and is unsupported by evidence. Board's Br. at 8.

Lee requests that this Court vacate the Board's parole revocation decision because he was coerced or pressured into signing the May 24, 2018 waiver. However, without evidence to support these accusations, this Court cannot simply disregard decisions made by the Board while exercising its discretion. Further, this Court has previously addressed similar concerns. In *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 262 (Pa. Cmwlth. 2008), this Court highlighted that the waiver of revocation hearing form itself states, "I waive this right of my own free will, without promise, threat or coercion." Therefore, while the parolee in *Prebella* argued that he signed the waiver because of a promise of leniency by the Board, this Court found that this argument was defeated by the language contained in the waiver itself.

In the present case, Lee signed an identical waiver to the one described in *Prebella*. This Court has previously upheld parole revocations based on the use of this waiver form. *See Prebella*, 942 A.2d 257; *see also McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616 (Pa. Cmwlth. 2009). In *Prebella*, this Court held:

> A parolee "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggests that the violation does not warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). However, nothing in *Morrissey* prevents a parolee from waiving a violation hearing without first consulting counsel. A parole revocation hearing is not the equivalent of a "criminal prosecution in any sense." *Id.* at 489.
>
> In addition, and also contrary to [the parolee's] contentions, the violation hearing waiver form here reflects [the parolee] voluntarily, knowingly and intelligently waived his right to a violation hearing and admitted the parole violations. . . .

*Prebella*, 942 A.2d at 261-62. Therefore, as Lee's assertions related to coercion or pressure in regard to his signed waiver are not supported by the record, and this Court has previously held that the signing of the waiver appropriately demonstrates the contrary, we decline to vacate the Board's parole revocation decision on these grounds.

Next, Lee argues that the Board's decision not to credit him for his street time is an abuse of discretion as it is unsupported by sufficient evidence. However, the Board explained that Lee's "prior history of supervision failures" warranted a lack of credit for street time.[6] C.R. at 67. In Lee's view, this is simply not a sufficient reason. Lee's Br. at 3-4.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), our Supreme Court concluded that if the Board exercises its

---

[6] The Board points to Lee's history of arrests and convictions while on parole for previous convictions as evidence of "prior supervision failures." Board's Br. at 6. "Committing a serious violent crime while on parole for another crime[, i.e., Lee's third-degree murder and firearms convictions,] clearly supports the Board's finding that Lee has a prior history of supervision failures." *Id.* at 16. Further, the Board notes that during his street time, on December 12, 2017, Lee tested positive for consumption of alcohol in violation of his parole. C.R. at 27. Additional evidence in the record also indicates that the Board characterized Lee as not amenable to parole supervision. *Id.* at 67-68.

7

discretion to deny a CPV credit for street time, it "must provide a contemporaneous statement explaining its reason . . . ." *Id.* at 475. Our Supreme Court, however, noted that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Further, this Court has previously held that a "prior history of supervision failures" is a sufficient reason to deny credit for street time. *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212-13 (Pa. Cmwlth. 2019).

61 Pa.C.S. §6138(a)(2.1) clearly states that the Board has discretion when deciding whether to credit a parolee for street time. 61 Pa.C.S. §6138(a), in relevant part, reads:

> (a) Convicted violators.
> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for [street time].
>
> (2.1) The [B]oard **may, in its discretion,** award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole.

61 Pa.C.S. §6138(a)(1), (2), & (2.1) (emphasis added). The Board "may" credit a parolee's recommitment with street time, but it is not mandated to do so, as it is a discretionary determination reserved for the Board. Therefore, as the Board is statutorily afforded the discretion to withhold credit for street time, and in the present

8

case, the Board did so with the appropriate support of sufficient evidence, the Board did not abuse its discretion.

Lee also asserts that his substantive due process rights were violated by the Board when it recalculated his maximum sentence date. However, the Board contends that, in keeping with the relevant statutory provisions contained within 61 Pa.C.S. §6138(a), if the Board denies a parolee credit for street time, it must necessarily be able to recalculate the parolee's maximum sentence date to reflect this discretionary decision. To deny street time without recalculation would defy the statutory scheme.

Additionally, in *Young v. Commonwealth*, 409 A.2d 843, 848 (Pa. 1979), our Supreme Court held that the Board's "power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." Instead, it is provided for by the statute. *Id.* Therefore, the Board is authorized to recalculate the maximum sentence date for CPVs to reflect instances where no credit was received for street time. Accordingly, in the present case, as Lee was not awarded credit for street time, the Board did not abuse its discretion by recalculating Lee's maximum sentence date to reflect this lack of credit.

Finally, before this Court, Lee presents a catch-all argument asserting that the Board has a bias against him which resulted in the revocation of his parole. Lee alleges that the Board "chose to engage . . . in a clear and obvious coordinated and biased manner" in relation to his parole revocation process. Lee's Br. at 8. However, despite this bold claim, Lee fails to present any evidence to support this alleged misconduct by the Board.

Lee requests that this Court consider the written statement of a Board staff member, Beth Rudzienski, which was recorded following Lee's signing of the

9

waiver of revocation hearing and counsel on May 24, 2018. *See* C.R. at 150. Ms. Rudzienski's statement reads as follows:

> When I met with you, you signed waivers to not have a hearing. We discussed that the only thing you would be doing at a hearing was disputing a conviction and you signed the waiver to get your Board Action faster as you admitted to having a new criminal conviction.

C.R. at 150. While Lee characterizes this statement as containing "false and/or misleading information," it instead represents the counseling process provided to Lee prior to him signing the waiver. As described by this Court in *Coades v. Pennsylvania Board of Probation and Parole*,

> the Board or its hearing examiner [is required to] ensure that the parolee is aware of the right to counsel, to free counsel if indigent, and that the parolee will not be penalized for requesting counsel. If the parolee appears without counsel, desires counsel and is unwilling to waive counsel, the Board is required to terminate the proceeding and reschedule the hearing. The Board's regulations do not require this counseling be done on the record . . . .

480 A.2d 1298, 1306 (Pa. Cmwlth. 1984). In the present case, as in *Coades*, the counseling process provided to Lee regarding the waiver was not conducted on the record. However, Ms. Rudzienski later provided information regarding the circumstances surrounding the waiver, and per her statement, her actions comported with the procedure required to inform Lee of his rights. Further, Lee does not describe with specificity any coercion or promise that led him to sign the waiver. Therefore, as Lee argues generally and speculatively that he experienced bias during his parole revocation process, and his assertions are unsupported by the record, the Board did not exercise bias against Lee by revoking his parole.

10

### III.    Conclusion

For the foregoing reasons, we affirm the Board's order and deny Lee's Application for Summary Relief.

_____
J. ANDREW CROMPTON, Judge

Judge McCullough did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Lee,                       :
            Petitioner      :
                             :
      v.                    :    No. 33 C.D. 2020
                             :
Pennsylvania Board          :
of Probation and Parole,     :
           Respondent   :

# **O R D E R**

AND NOW, this 26th day of March 2021, we **AFFIRM** the December 10, 2019 order of the Pennsylvania Board of Probation and Parole and **DENY** Kenneth Lee's Application for Summary Relief.

_____
J. ANDREW CROMPTON, Judge