IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Sheerer, : 
                          :
             Petitioner : 
                          :
         v.                 : No. 232 C.D. 2022
                          : Submitted: March 10, 2023
Pennsylvania Parole Board, : 
                          :
           Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: October 10, 2023

Presently before this Court is the application of Jessica A. Fiscus, Esquire (Counsel) for leave to withdraw as counsel for Joseph Sheerer (Parolee). Parolee has filed an amended petition for review of the decision of the Pennsylvania Parole Board (Board) affirming its prior decision that recommitted him as a convicted parole violator (CPV) and denied credit for time that he served at liberty on parole. Counsel seeks leave to withdraw on the grounds that Parolee's amended petition for review is without merit. For the following reasons, we grant Counsel's application for leave to withdraw as counsel and affirm the Board's order.

## I. Background

Parolee was initially sentenced to a concurrent term of 5 to 10 years' imprisonment following guilty pleas to four counts of burglary, 18 Pa. C.S.

§3502(a), and two counts of attempted burglary, 18 Pa. C.S. §901(a). Certified Record (C.R.) at 1. With an effective date of August 10, 2012, Parolee's minimum sentence date was calculated to be August 10, 2017, and his maximum sentence date was set as August 10, 2022. *Id.* at 3. On June 6, 2018, the Board rendered a decision granting Parolee parole, and he was released from prison on June 25, 2018. *Id.* at 7-10. At the time that he was released, there were 4 years, 1 month, and 16 days (1,057 days) remaining on Parolee's sentence. *Id.* at 98-99.

On January 4, 2019, the Medford Township Police arrested Parolee in Burlington County, New Jersey, and he was charged with a number of counts of burglary and theft, and one count of possessing or viewing child pornography. C.R. at 24, 28, 32-87. On January 9, 2019, the Board issued a warrant to commit and detain Parolee based on the new charges. *Id.* at 20. Parolee ultimately pleaded guilty to one count each of endangering abuse/neglect of a child by a non-caretaker and burglary, graded as third degree felonies; all of the remaining charges were dismissed. *Id.* at 28. On May 10, 2019, Parolee was sentenced to serve three years in state prison for his new convictions, with credit from January 5, 2019, to May 9, 2019 (125 days). *Id.* at 28, 30. On November 4, 2020, Parolee was returned to the Board's custody. *Id.* at 104.

By Waiver of Revocation Hearing and Counsel/Admission Form executed November 16, 2020, Parolee "knowingly, intelligently, and voluntarily admit[ted]" his entry of guilty pleas to the two new convictions. C.R. at 22-23. Parolee also admitted that he was advised of his right to a parole revocation hearing and counsel at that hearing, but "[w]ith full knowledge and understanding of these rights," he waived his "right to a parole revocation hearing and counsel at that hearing . . . of [his] own free will, without any promise, threat[,] or coercion." *Id.* at

2

23. Parolee also "underst[ood] and agree[d] that this admission is binding and may only be withdrawn if [he] submit[ted] a written withdrawal to [his] supervision agent within ten (10) calendar days of the date written above." *Id.*

In a decision recorded on December 29, 2020, and mailed on January 22, 2021, the Board revoked Parolee's parole and recommitted him as a CPV to serve 18 months' backtime. C.R. at 100-01. Additionally, the Board denied Parolee credit for the time that he spent at liberty on parole because his new conviction was "the same or similar to the original offense." *Id.* at 101. By adding the 4 years, 1 month, and 16 days (1,057 days) remaining on Parolee's original sentence to his custody for return date of November 4, 2020, and the backtime imposed, the Board calculated a new minimum date for Parolee's sentence of May 4, 2022, and a new maximum sentence date of December 20, 2024. *Id.* at 98, 102-04.

In an administrative remedies form dated February 18, 2021, and received by the Board on March 1, 2021, Parolee asserted that he did not make a knowing, voluntary and intelligent waiver of his right to a revocation hearing because he was "misguided" by a parole agent and, as a result, his due process rights were violated. C.R. at 108-09. Additionally, Parolee asserted that he did not receive a timely revocation hearing as it was not held within 120 days of his new conviction in New Jersey. *Id.* at 109. Finally, Parolee complained that all of his street time was taken and "then added to his tail" even though he "sat in state jail for 22 months with a detainer on him." *Id.* On August 16, 2021, January 3, 2022, and January 14, 2022, Parolee submitted additional correspondence seeking relief regarding the Board's revocation of his parole. *Id.* at 111-22.

3

On February 18, 2022,[1] the Board mailed Parolee a decision disposing of his February 18, 2021 administrative remedies form in which it stated the following, in pertinent part:

> Before addressing the merits of your administrative appeal, the Board also received correspondence from you on August 16, 2021, January 3, 2022, and January 14, 2022. Considering that your 30-day deadline for filing administrative relief ended on February 21, 2021, any issues raised in the correspondence received after that date need not be addressed. 37 Pa. Code §73.1.[2]

---

[1] Three days prior, in a decision recorded on February 15, 2022, within its discretion, the Board denied Parolee reparole, and directed that he is "to serve [his] unexpired maximum sentence, 12/20/2024, due to [his] negative interest in parole." C.R. at 106-07.

[2] Section 73.1(a)(1) and (4), and (b)(1) and (3) of the Board's regulations states, in relevant part:

> (a) *Appeals.*
>
> (1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order . . . .
>
> * * *
>
> (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.
>
> (b) *Petitions for administrative review.*
>
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. . . .

**(Footnote continued on next page…)**

Next, the record reveals that on November 16, 2020, you were presented with a notice of hearing and charges indicating that you suffered a new criminal conviction in the Superior Court of New Jersey, Burlington County[,] at docket number 19-03-00347. On November 16, 2020, you signed a form waiving your right to a revocation hearing and counsel, and admitted to the veracity of the new conviction listed on the notice. The waiver/admission form you signed indicates that you chose to take said action of your own free will, without promise, threat, or coercion, and that your waiver/admission was knowing and voluntary. The form you signed also gave you ten calendar days to withdraw the waiver/admission form. There is no indication that you withdrew your waiver/admission within the established grace period. As such, the Board acted within its authority to revoke your parole for the offense indicated based on the waiver/admission. Moreover, because you waived your right to a revocation hearing, you[r] claim regarding timeliness is also waived.

Next, the decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code [(Code)]

* * *

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1(a)(1) and (4), (b)(1) and (3). Accordingly, to the extent that Parolee raises claims herein that were not raised in his first February 18, 2021 administrative remedies form, they have been waived for purposes of appeal. *Id.*; *see also Mendez v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 912 C.D. 2017, filed May 30, 2018), slip op. at 8-9 (holding that an issue raised by a parolee in a subsequent untimely petition for administrative review was waived under Section 73.1 of the Board's regulations); Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Nonprecedential decisions . . . may be cited for their persuasive value.").

5

authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. §6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v. P[ennsylvania] B[oard] of Prob[ation] [and] Parole[, 159 A.3d 466 (Pa. 2017)]*, the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that you were denied such credit because you were convicted of a new offense that was [the] same or similar to the original offense thereby warranting the denial of credit for the time spent at liberty on parole. The record reveals that while you were on parole for multiple counts of Burglary, your new conviction resulting in your revocation was also, in part, for Burglary. Thus, the reason provided is supported by the record and the panel finds it sufficient to deny credit for the time spent at liberty on parole in this case.

C.R. at 124-25.

On March 15, 2022, Parolee filed a *pro se* petition for review and shortly thereafter, the Public Defender of Erie County was appointed to represent him and Counsel entered her appearance. On June 3, 2022, Counsel filed an amended petition for review and, on August 15, 2022, Counsel filed the instant petition for leave to withdraw along with a no-merit letter based on her belief that Parolee's appeal is without merit. This matter is now before us for disposition.

## II. Application for Leave to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner seeks to have reviewed, explaining why and how those issues lack merit,

6

and requesting permission to withdraw.[3] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (citation omitted).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that she has conducted a review of the record, applicable statutes, and case law. She sets forth the issues that Parolee wishes to have reviewed in this appeal, specifically: (1) he did not knowingly, voluntarily,

---

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

and intelligently waive his right to a revocation hearing and to counsel present at that hearing; (2) the Board did not afford Parolee a timely revocation hearing within 120 days of his new conviction; (3) the Board erred in denying Parolee credit for the time spent at liberty on parole; and (4) the Board erred when it refused to run Parolee's backtime concurrently with his New Jersey sentence in violation of the separation of powers. Counsel provides a thorough analysis as to why these issues lack merit, citing the applicable statutes, case law, and the record in support.

First, Counsel explains that the Board correctly found that Parolee knowingly, voluntarily and intelligently waived his right to a revocation hearing and to counsel. Counsel cites well-settled case law explaining that execution of the Board's forms is sufficient to effectuate a knowing and voluntary waiver. *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008). Second, because Parolee had already waived his right to a revocation hearing, he cannot later allege a failure to conduct a timely hearing. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013). Third, the Board has the discretion to credit a nonviolent CPV with street time, but it is not required to do so. Section 6138(a)(2) of the Code, 61 Pa. C.S. §6138(a)(2); *Pittman*, 159 A.3d at 473. The Board provided a contemporaneous reason for its decision to not award Parolee credit for street time, in compliance with *Pittman*. *Id.* Fourth, Counsel explains that the Board did not err in running the remainder of Parolee's original sentence consecutive with the New Jersey sentence on his new convictions. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 761 n.7 (Pa. 2017).[4]

---

[4] Counsel also notes that Parolee waived his additional claim challenging the Board's alleged failure to conduct a timely detention hearing by failing to raise the issue in his February **(Footnote continued on next page…)**

Counsel has reviewed the Board's recalculation of Parolee's maximum sentence date, verifies that it is not an alteration of a judicially imposed sentence, and concludes that it was correctly calculated. Counsel further explains that a parolee who is convicted of a crime while on parole must be recommitted to serve the unserved portion of his original maximum sentence and may be denied credit for street time under Section 6138(a)(2) of the Code. The Board has the discretion to credit a nonviolent CPV with street time, but it is not required to do so under *Pittman*, 159 A.3d at 473.

Based on her review, Counsel concludes that Parolee's appeal to this Court lacks merit, and she requests permission for leave to withdraw. Counsel provided Parolee with a copy of the no-merit letter and her request to withdraw. She advised Parolee of his right to retain new counsel or proceed *pro se*. As we are satisfied that Counsel has discharged her responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[5]

### III. Independent Review

Parolee first claims that he did not knowingly, voluntarily, and intelligently waive his right to a revocation hearing and to have counsel present at that hearing. As this Court has summarized: "In order to effectuate a knowing and

18, 2021 administrative review request. Section 73.1 of the Board's regulations; *Mesko v. Pennsylvania Board of Probation and Parole*, 245 A.3d 1174, 1180-81 (Pa. Cmwlth. 2021); *see also supra*, note 2.

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the Board's adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

9

voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form." *Prebella*, 942 A.2d at 261 (citations omitted). Execution of the Board's form by a parolee is sufficient proof. *Id.* A parolee's waiver of counsel is deemed informed and voluntary if the parolee is informed of right to counsel, is provided the name and address of the appropriate public defender, and gives his written statement that he has been fully advised of this right and waived it of his own free will. *Id.*

Here, on November 16, 2020, Parolee signed a Notice of Charges and Hearing for a revocation hearing to be held on November 20, 2020, and this document listed his new convictions, the location of the hearing, and provided the name and address of the Public Defender in that county. C.R. at 21. That same day, Parolee also signed the Waiver of Revocation Hearing and Counsel/Admission Form "waiv[ing] these rights of [his] own free will, without any promise, threat or coercion." *Id.* at 22-23. An agent witnessed the signing of each of these documents. *Id.* at 21-23. Parolee did not retract his admission within the ten-day grace period. As a result, we conclude that there is sufficient evidence that Parolee made a knowing and voluntary waiver of his right to a revocation hearing.

Parolee next claims that he was not afforded a timely revocation hearing within 120 days of his new conviction. As indicated, Parolee waived his right to a revocation hearing and only later sought to raise this claim in his request for administrative review. C.R. at 21-23, 108-09. Based upon the express provisions of Section 71.4(1)[6] of the Board's regulations, Parolee waived his right to challenge

---

[6] Section 71.4(1) of the Board's regulations states, in pertinent part:
**(Footnote continued on next page…)**

10

the timeliness of his revocation hearing when he expressly waived his right to have a hearing in the first place. *See Fisher*, 62 A.3d at 1075 ("[O]nce a parolee waives his right to a parole revocation hearing, he is precluded from subsequently challenging the hearing's timeliness.").

Indeed, as this Court explained in a similar circumstance:

> Here, the record indicates that the Board advised [the p]etitioner . . . that it intended to conduct a revocation hearing. That same day, [the p]etitioner admitted to being convicted of the new criminal charges, executed the Board's form, and waived his right to a revocation hearing. The form [that the p]etitioner executed expressly stated that he chose to take said action of his own free will, without promise, threat, or coercion. Therefore, pursuant to this Court's decision in *Fisher*, [the p]etitioner is precluded from challenging the timeliness of his revocation hearing because he voluntarily waived his right to the same.

*Cartegena v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 418 C.D. 2016, filed January 12, 2017), slip op. at 7. As a result, based on the foregoing, Parolee waived his claim regarding the timeliness of his revocation hearing.

Moreover, on the merits, the record in this case demonstrates that Parolee's revocation hearing was held within 120 days after he was returned to

---

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty . . . except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, . . . where the parolee has not waived the right to a revocation hearing by a panel . . . , *the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility*.

37 Pa. Code §71.4(1)(i) (emphasis added).

11

custody in the Commonwealth from the New Jersey authorities. As indicated, Parolee's Custody for Return date was November 4, 2020, and the revocation hearing that he waived on November 16, 2020, was scheduled for November 20, 2020. *See* C.R. at 21, 23, 104. Accordingly, Parolee's claim that the Board erred in failing to conduct a timely revocation hearing is patently without merit.

Parolee next claims that the Board erred in denying credit for the time that he spent at liberty on parole. Section 6138(a)(2.1) of the Code grants the Board the discretion to award credit to a CPV recommitted for the reasons stated therein. *Pittman*, 159 A.3d at 473.[7] When exercising this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Id.* at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to our review, and must be reversed or vacated as an abuse of discretion, where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-

---

[7] Specifically, Section 6138(a)(2.1) states:

> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I2 (relating to continued registration of sexual offenders).
>
> (ii) The offender was recommitted under [S]ection 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

12

75. Moreover, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Where the Board denies credit for the time served at liberty on parole, that time is applied to the original maximum sentence date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In the instant case, Parolee was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* Section 6138(a)(2.1)(i) and (ii) of the Code. Thus, although Parolee qualified for credit under the Code, it was within the Board's discretion to grant or deny him credit for the time that he spent at liberty on parole. *See id.*; *Pittman*, 159 A.3d at 473. The Board chose to deny credit and contemporaneously articulated Parolee's commission of burglary as the crime underlying both his original sentence and his recommitment as a CPV as the reason for denying credit. C.R. at 101.

The foregoing Board reasoning constitutes a valid basis to deny credit upon Parolee's recommitment. *See Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018) (holding that the Board's stated reason of "unresolved drug and alcohol issues" is a valid basis to deny credit under the *Pittman* standard); *see also King v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 875 C.D. 2019, filed November 10, 2020), slip op. at 7-8 ("[W]e have recognized that the Board's statement that a CPV has a 'prior history of supervision failures' is sufficient to meet the *Pittman* standard as long as that statement is supported in the record.") (citations omitted). Because the Board's stated basis for denying credit is amply

supported by the record herein, we find no error or abuse of discretion in the Board's decision to deny credit for the time that Parolee spent at liberty on parole.

Finally, Parolee asserts that he should receive credit on his original sentence for the time that he served on his new convictions in New Jersey. However, the New Jersey judgment of sentence merely indicates that the sentences imposed on his two new New Jersey convictions are merely to run concurrently with each other, and that his presentence period of confinement was credited to his new New Jersey sentence. *See* C.R. at 28, 31.

As this Court has observed:

> "The general rule governing the allocation of credit for time served awaiting disposition of new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation* [*and*] *Parole*, [412 A.2d 568 (Pa. 1980)]." *Armbruster*[, 919 A.2d at 352]. Pursuant to *Gaito*, "this Court consistently held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence." *Armbruster*, 919 A.2d at 352.

*Stroud v. Pennsylvania Board of Probation and Parole*, 196 A.3d 667, 674 (Pa. Cmwlth. 2018) (footnotes omitted). The record in this case shows that Parolee received credit on the new New Jersey convictions for the 125 days that he was confined between his arrest to the date that he entered his guilty pleas on the new out-of-state charges. *See* C.R. at 30. Because Parolee received credit toward his new New Jersey sentence from the date of his arrest until his return to Pennsylvania's custody, the Board correctly refused to award this time to his original Pennsylvania sentence. *See Gaito*; *see also Stroud*, 196 A.3d at 673-74 (holding that the Board did not have authority under the Code to retrieve a parolee from federal custody

14

following his arrest on federal charges to conduct a revocation hearing and to allow him to serve backtime on his original sentence while he was still in federal custody).

Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the Board's February 18, 2022 decision affirming its December 29, 2020 recommitment decision.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Sheerer,                          :
                                         :
                    Petitioner           :
                                         :
              v.                         : No. 232 C.D. 2022
                                         :
Pennsylvania Parole Board,               :
                                         :
                    Respondent :

# **O R D E R**

AND NOW, this 10th day of October, 2023, Jessica A. Fiscus, Esquire's application for leave to withdraw as counsel is GRANTED, and the decision of the Pennsylvania Parole Board dated February 18, 2022, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge